IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | MAGISTRATE NO. |
| | : | |
| DANIEL RODRIGUEZ, | : | VIOLATIONS: |
| | : | 18 U.S.C. §§ 1512(c)(2), 2 |
| Defendant. | : | (Obstruction of an Official Proceeding) |
| | : | 18 U.S.C. § 231(a)(3) |
| | : | (Civil Disorder) |
| | : | 18 U.S.C. §§ 111(a)(1) and (b) |
| | : | (Assaulting, Resisting, or Impeding |
| | : | Certain Officers) |
| | : | 18 U.S.C. § 641 |
| | : | (Theft of Government Property) |
| | : | 18 U.S.C. § 1361 |
| | : | (Destruction of Government Property) |
| | : | 18 U.S.C. § 1752(a)(1) and (b)(1)(A) |
| | : | (Entering and Remaining in a Restricted |
| | : | Building or Grounds with a Deadly or |
| | : | Dangerous Weapon) |
| | : | 18 U.S.C. §§ 1752(a)(2) and (b)(1)(A) |
| | : | (Disorderly and Disruptive Conduct in a |
| | : | Restricted Building or Grounds with a |
| | : | Deadly or Dangerous Weapon) |
| | : | 18 U.S.C. § 1752(a)(3) and (b)(1)(A) |
| | : | (Impeding Ingress and Egress in a |
| | : | Restricted Building or Grounds with a |
| | : | Deadly or Dangerous Weapon) |
| | : | |

## MOTION TO SEAL INDICTMENT

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrant is executed, the Indictment in the above-captioned matter, the Arrest Warrant, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting

1

this motion. In support thereof, the Government states as follows:

1. The United States is investigating allegations that, during the riot at the U.S. Capitol on January 6, 2021, Daniel Rodriguez physically assaulted a federal officer, obstructed an official proceeding, engaged in civil disorder, stole government property, destroyed government property, willfully entered and remained on restricted Capitol grounds with a dangerous weapon, willfully engaged in disorderly and disruptive conduct on restricted Capitol grounds with a dangerous weapon, and impeded the ingress and egress of a restricted Capitol building using a dangerous weapon, in violation of 18 U.S.C. §§ 111, 1512, 641, 1361, and 1752.

2. The evidence gathered in the course of the investigation included evidence involving the use of a digital device in furtherance of these crimes. The public disclosure of the Government's evidence could compromise the integrity of the investigation, including the ability of the United States to locate and arrest the defendant, which also may lead to the destruction of evidence in other locations including the digital device. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

3. In addition, evidence in this case indicates that Rodriguez assaulted an officer with an electroshock weapon during the riot at the U.S. Capitol and has recently expressed a willingness to kill police officers. There is also evidence that Rodriguez is aware that law enforcement is looking for him, has been taking steps to evade law enforcement detection and/or capture. Thus, a sealing order is also necessary to ensure the expeditious arrest of this defendant in a manner that also ensures the safety of the law enforcement officers involved.

2. As stated in Washington Post v. Robinson, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure

serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

3. In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendant expeditiously and safely. A limited sealing order ensuring that filings related to the Indictment and Arrest Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

4. Furthermore, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an Indictment, or a resulting sealing order, means that the defendant is charged with a crime, and the Government intends to arrest him. Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Indictment and Arrest Warrant.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrant, the Indictment, the Arrest Warrant, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY

By: */s/Risa Berkower*
Risa Berkower
NY Bar No. 4536538
Kimberly Paschall
D.C. Bar No. 1015665
Tara Ravindra
D.C. Bar No. 1030622
Assistant United States Attorneys
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: 202-803-1576
Email: risa.berkower@usdoj.gov