UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-246-ABJ |
| | : | |
| DANIEL RODRIGUEZ, | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' MOTION TO SET STATUS CONFERENCE DATE AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America respectfully requests that this Court set a status conference in the above-referenced case and exclude the time from May 17, 2021 until the date of that conference from the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. The defendant was arrested on March 31, 2021 in the Central District of California, and his initial appearance occurred in that District on the same day. On April 23, 2021, Magistrate Judge G. Michael Harvey ordered the defendant transported to the District of Columbia by the U.S. Marshals Service, and the Court set a status conference for May 17, 2021. Judge Harvey excluded time under the Speedy Trial Act until May 17, 2021 to allow for the defendant's transport to the District of Columbia. However, the defendant did not arrive in the District of Columbia until June 10, 2021. The United States now respectfully requests that the Court re-schedule the May 17, 2021 status conference and exclude the time from May 17, 2021 through the date of that hearing because the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A) and (B)(i). In support of this motion, the government states as follows:

On March 24, 2021, a grand jury returned an eight-count indictment against the defendant for his role in the riot at the U.S. Capitol on January 6, 2021. Seven of these charges are felonies:

Obstruction of an Official Proceeding and Aiding and Abetting, in violation of Title 18, United States Code, Sections 1512(c)(2) and 2; Civil Disorder, in violation of Title 18, United States Code, Section 231(a)(3); Assaulting a Federal Office, in violation of 18 U.S.C. § 111(a)(1) and (b); Destruction of Government Property, in violation of 18 U.S.C. § 1361; Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of Title 18, United States Code, Section 1752(a)(1) and (b)(1)(A); Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of Title 18, United States Code, Section 1752(a)(2) and (b)(1)(A); and Impeding Ingress and Egress in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(3) and (b)(1)(A). *See* Dkt. 1. One charge is a misdemeanor: Theft of Government Property, in violation of 18 U.S.C. § 641. *See id.*

The defendant is alleged to have entered the U.S. Capitol's restricted grounds on January 6, 2021 with an electroshock weapon and a flagpole and interfered with an officer of the Metropolitan Police Department who was attempting to keep rioters out of the U.S. Capitol building. *See id*. In doing so, the defendant physically assaulted that officer with an electroshock weapon, causing the officer injuries. *See id*. The defendant is further alleged to have entered the Capitol building through a broken window, smashed a window from inside the Capitol in an effort to enable other rioters to enter the building, and to have stolen an emergency escape hood from the building. *See id*. The defendant is further alleged to have committed these acts for the purpose of interfering with the joint session of Congress that was certifying the 2020 Presidential Election results. *See id*.

The defendant was arrested on March 31, 2021 in Fontana, California. He had an initial

appearance pursuant to Fed. R. Crim. P. 5(c)(2) in the Central District of California on March 31, 2021 and a detention hearing before the same court on April 2, 2021. Dkt. 8, at 24. Magistrate Judge G. Michael Harvey set a status conference for the ascertainment of counsel on April 23, 2021, which the defendant attended remotely. Dkt. 10. Following that hearing, Magistrate Judge Harvey ordered the U.S. Marshals Service to transport the defendant to the District of Columbia so that he could appear before this Court at a status hearing on May 17, 2021. Dkt. 12. Judge Harvey tolled time under the Speedy Trial Act between April 23, 2021 and May 17, 2021 so that the defendant could be transported to D.C. for the May 17, 2021 hearing. *See* Minute Entry, April 23, 2021. On March 25, 2021, the government sent a courtesy copy of Judge Harvey's transport order to the Marshals' Service office in the Central District of California.

On May 14, 2021, the Court notified the parties that the Marshals Service had not yet transported the defendant to the District of Columbia. As a result, the Court vacated the May 17, 2021 status hearing. *See* Minute Order, May 14, 2021.

On May 26, 2021, in response to an inquiry from the government, the Court notified the parties that the facility at which the defendant was detained in California had not yet responded to inquiries into setting up a virtual status conference with the Court.

On June 10, 2021, the government received a notice from the U.S. Marshals Service that the defendant had arrived in the District of Columbia. The same day, the government notified the Court of the defendant's arrival.

The United States now files the instant motion, seeking a new date for the vacated May 17, 2021 status conference in this case. In addition, the United States also moves the Court to exclude time under the ends-of-justice provisions of the Speedy Trial Act from the vacated May 17, 2021

3

status hearing date until the new date set for that hearing. Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(7)(B)(i).

Here, Judge Harvey excluded time under the Speedy Trial Act to allow for the defendant's transport from the Central District of California to the District of Columbia. Despite efforts by the United States and the Court to facilitate the defendant's prompt transport and/or to appear virtually from another facility before the Court, additional time was necessary to transport the defendant to the District of Columbia. Accordingly, the period of excluded time allotted by Judge Harvey should be expanded to account for the additional time required to bring the defendant before the Court here in the District of Columbia.

WHEREFORE, now that the defendant has arrived in the District of Columbia, the government respectfully requests that the Court re-schedule the vacated May 17, 2021 status conference and exclude the time from May 17, 2021 until that status conference from the time

within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A) and (B)(i).

                              Respectfully submitted,

                              CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793

By:    /s/ *Risa Berkower*
RISA BERKOWER
Assistant United States Attorney
NY Bar No. 4536538
U.S. Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 803-1576
Risa.berkower@usdoj.gov

*/s/ Kimberly Paschall*
KIMBERLY L. PASCHALL
Assistant United States Attorney
D.C. Bar 1015665
U.S. Attorney's Office
555 4th Street, N.W., Room 4116
Washington, D.C. 20530
(202) 252-2650
Kimberly.Paschall@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 21-cr-246 (ABJ) |
| | : | |
| | : | |
| **DANIEL RODRIGUEZ** | : | |
| | : | |
| **Defendant.** | : | |

**ORDER SETTING STATUS HEARING AND**
**EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**

Having received the government's Motion to Set a Status Conference Date and to Exclude Time under the Speedy Trial Act, IT IS HEREBY ORDERED THAT:

A status conference in this case will be held on _____ day of _____, 2021.

The time from May 17, 2021 through the date of this status conference shall be excluded from the calculation of time under the Speedy Trial Act because the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A) and (B)(i).

SO ORDERED this _____ day of _____, 2021.

_____
HON. AMY BERMAN JACKSON
UNITED STATES DISTRICT COURT