```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA


   United States of America,      ) Criminal Action
                                   ) No. 21-cr-246
                Plaintiff,         )
                                   ) VIDEO STATUS CONFERENCE
   vs.                             )
                                   ) Washington, DC
   Daniel Rodriguez,               ) October 4, 2021
                                   ) Time:  2:30 p.m.
                Defendant.         )
_____

            TRANSCRIPT OF VIDEO STATUS CONFERENCE
                       HELD BEFORE
            THE HONORABLE JUDGE AMY BERMAN JACKSON
                 UNITED STATES DISTRICT JUDGE
_____

                     A P P E A R A N C E S

   For Plaintiff:     Kimberly Paschall
                      Assistant U.S. Attorney
                      555 Fourth Street, NW
                      Washington, DC  20530
                      (202) 252-2650
                      Email:  Kimberly.paschall@usdoj.gov

   For Defendant:     Rebecca Ann Levy
                      Katherine A. Tanaka
                      Margaret Lambrose
                      Assistant Federal Public Defender
                      411 E Bonneville Avenue, Suite 250
                      Las Vegas, NV  89101
                      (702) 388-6261
                      Email:  Rebecca_levy@fd.org
                      Email:  Katherine_tanka@fd.org
                      Email:  Maggie_lambrose@fd.org

_____

   Court Reporter:          Janice E. Dickman, RMR, CRR, CRC
                            Official Court Reporter
                            United States Courthouse, Room 6523
                            333 Constitution Avenue, NW
                            Washington, DC  20001
                            202-354-3267
```

1                    THE COURTROOM DEPUTY:  Your Honor, this afternoon we
2       have criminal case No. 21-246.  This is a video status
3       conference.  *United States of America v. Daniel Rodriguez.*
4                    Will counsel for the government please identify
5       herself for the record.
6                    MS. PASCHALL:  Good afternoon, Your Honor.  Kimberly
7       Paschall for the United States.
8                    THE COURT:  Good afternoon.
9                    THE COURTROOM DEPUTY:  Counsel for the defendant,
10      please identify herself and her colleagues for the record.
11                   MS. LEVY:  Good afternoon.  Rebecca Levy, Margaret
12      Lambrose, and Katherine Tanaka for Rodriguez.  He's present and
13      he is in custody, appearing via video technology.
14                   THE COURTROOM DEPUTY:  Will Mr. Rodriguez please
15      place his name on the record and verify that he is able to see
16      and hear both the judge and counsel.
17                   THE DEFENDANT:  Yes, sir.  My name is Daniel Joseph
18      Rodriguez and I can hear and see everything.
19                   THE COURT:  All right.  And, Mr. Rodriguez, I just
20      want to confirm that you've talked to your lawyer and you
21      understand that you have a right to be present in person in
22      court today and that you agree to proceed by video today?
23                   THE DEFENDANT:  Yes, Your Honor, I understand.
24                   THE COURT:  All right.
25                   THE DEFENDANT:  And I agree to be.

1    THE COURT: And I find, under the CARES Act, that
2    it's appropriate to proceed in that fashion, given the
3    defendant's consent and the need to have this case move
4    forward.
5             We had a status conference at the end of August and
6    at that time we actually set a motions schedule in this case,
7    which is going to start relatively soon, and in connection with
8    the motions schedule, we've got it all the way up to motions
9    hearing in November. So, in terms of what there is to do
10   today, last time there was some difference of opinion as to
11   whether a plea offer had actually been extended and if everyone
12   understood what the terms of that were.
13            Where are we on that now, Ms. Levy?
14            MS. LEVY: Your Honor, we've spoken with the
15   government. It's their position that they cannot extend a
16   formal plea agreement until, or if, my client sits down and
17   speaks with them. And we had a conversation about what numbers
18   they believe potentially could apply in our case, and we've
19   discussed that with both the government and our client. And
20   that is where we are at.
21            THE COURT: All right. Now, Ms. Paschall, in every
22   single plea that I have taken so far in Capitol riot cases
23   there is an agreement to participate in the debrief as a
24   condition of the plea which has to be accomplished in terms of
25   sentencing. Why, in this case, can you not even extend a plea

1   offer without that as a condition?  Why do you have to have the
2   interview fuss?
3               MS. PASCHALL:  There are extenuating circumstances
4   that we have discussed with defense counsel.  Particular to
5   this case, particular to other individuals who we believe this
6   defendant may be aware of, and for those reasons, and some
7   additional investigation that is ongoing specific to this
8   defendant, we are unable to do so without him coming in to
9   debrief at this time.
10              THE COURT:  All right.  Now, the other question is --
11  that I have every time we get together -- is that there are
12  three other individuals who are charged as codefendants for
13  assaulting the same officer that this defendant is charged with
14  assaulting, and his case has been deemed related, but he is not
15  charged as a codefendant.  And it seems to me at some point we
16  may very well be presented with severance motions in that case
17  and at some point the government would have to develop some
18  sort of consistent position for either why all four of them
19  need to be tried together and it's fair to try them together,
20  or why they need to all be separate.  But it's hard for me to
21  understand the differentiation of this one case from the other
22  three.  And I'm not saying that the other three are improperly
23  joined in a single indictment, I just don't understand what's
24  going on.
25              MS. PASCHALL:  That's understandable, Your Honor.

1    And, unfortunately, at this time, given the ongoing nature of
2    the investigation in this case, I don't have much of an update
3    for Your Honor.  I think, should any of these cases get set for
4    trial, that the government would be able to make a more
5    concrete decision about joinder or severance with those other
6    matters.
7         It's also my understanding that those other matters
8    may be also in plea negotiations with my colleague, AUSA
9    Ravindra.  So it may not even come to that.  We do understand
10   Your Honor's concerns and we do want to make sure that we do
11   have a consistent approach and a trial that doesn't require
12   repetitive evidence over multiple trials or, on the converse,
13   appropriate joinder.  Unfortunately, at this point, given the
14   status of the investigation in this matter, we're not able to
15   say that this matter should be joined with the others at this
16   point.
17        THE COURT:  All right.  So what are you proposing as
18   the next step in this case?
19        MS. PASCHALL:  Your Honor, I'm not certain that we
20   need to have another status before our motions hearing.  In
21   discussions with defense, it does seem that they are planning
22   to file motions, and we would respond.  I don't know that
23   there's anything that we would need to accomplish with Your
24   Honor before then.
25        We've been endeavoring to file discovery notices and

1   memorandum as they are appropriate, but I don't know that we
2   have any other updates for Your Honor that would come,
3   necessarily, before that hearing, particularly the one
4   scheduled for mid-November.
5               THE COURT:  I know the motions hearing is supposed to
6   be November 16.  When is the first motion due in that case?
7               MS. LEVY:  October 15th, Your Honor.
8               THE COURT:  October 15th.  Okay.  So that's ten days
9   from now.  The related case is set for its next status
10  conference in -- on November 29th.
11              THE COURTROOM DEPUTY:  For Cosper Head and --
12              THE COURT:  Yes.  Yes, which I may or may not stay if
13  we have another trial.  But it seems to me that this case
14  should at least have its next status conference close to that
15  one.  But what you're saying is by then the speedy trial clock
16  will have been stopped by the motions that are filed.  And
17  we're having a hearing on the 16th and so then we'll know, we
18  can set then a date that comports with the dates in the other
19  cases.
20              What is your position, Ms. Levy, on what we need to
21  do in this case in terms of setting another date, given your
22  intentions to file the motions on the schedule that you
23  requested?
24              MS. LEVY:  Your Honor, I'm not sure that another
25  status check is necessary.  But if the Court did, in its normal

1    practice, set another status check, perhaps we could do it a
2    week before the hearing is scheduled for, and just make sure
3    that that hearing date is on, since we would be traveling to
4    D.C.
5              THE COURT:  All right.  Well, there's no reason why
6    the hearing is going to move, unless somebody asks me to move
7    it.  So, my thought would be to exclude the time from the
8    speedy trial calculation between now and November 16, but then
9    it's going to basically fall off the speedy trial calendar as
10   soon as you file your motion anyway.  It's a little bit of a
11   bets and suspenders approach, but we need to do something to
12   cover the time between now and the day you file your motion.
13   And last time we got together you were the ones who asked for
14   the 45 days to file the motion.
15             So given all that, I think it's in the interest of
16   justice to exclude the time from last Friday, when we were
17   supposed to have this hearing -- I needed to put it off until
18   Monday, from last Friday -- until the day your motions are due.
19   What's your position about that?
20             MS. LEVY:  Your Honor, our position remains as it did
21   at the last hearing, which is that we don't believe that our
22   speedy trial should toll until we actually file the motion on
23   the 15th.  We would ask that our speedy trial run right now,
24   that it not be excluded until the -- I believe it's in a week
25   and a half, when the motion deadline occurs and we file a

1      motion.

2                 THE COURT:  But we got together on August 31st and

3      you said we want to assert our speedy trial rights and we want

4      to file motions, and you asked for 45 days to file motions.  So

5      if the defense is telling me we need 45 days to file our

6      motions, why is that time chargeable to the government?

7                 MS. LEVY:  Your Honor, the government was not

8      prepared at that time to set a trial date and we, Your Honor --

9      it was our position, when the Court asked if we would be filing

10     motions, our position was yes, we are filing motions, but we

11     would not be burdened with the speedy trial tolling until the

12     day that we file it, Your Honor.  So, in terms of what day the

13     Court was to set a trial, we would have been prepared, if the

14     Court wanted to set a trial date, either now or back at that

15     last status check, we were prepared for the Court to do so.

16     And then, of course, if we filed motions at that point --

17                THE COURT:  No, you weren't.  You weren't prepared

18     for a trial because you said you wanted to file a motion and

19     you said you wanted 45 days to file them.  You can't say I

20     was -- I wanted a trial date when you said you wanted -- you

21     had issues that you wanted to resolve.  I don't understand the

22     logic of your position at all.

23                MS. LEVY:  Your Honor, in our district we do both, we

24     set a pretrial motion date and a trial date at the same time;

25     we have them both.

1           THE COURT:  Well, I'm not there.  I'm here.  And I
2  couldn't set a trial date because you said you wanted 45 days
3  to file a motion.  So you wanted me to set a trial date before
4  that, before the day that you asked to file your motion?  That
5  doesn't even make any sense.
6           MS. LEVY:  Your Honor, what we do in our district is
7  we have a pretrial motion deadline, we also have a trial date,
8  and the speedy trial clock runs until you've actually filed
9  that motion.  But it just gives the Court a date, that the
10 Court would know when those pretrial motions are due.  And, of
11 course, we would have to ask permission, if you filed them
12 late.
13          So, I understand that this Court works differently.
14 But in terms of our preference, our preference is that we have
15 something on calendar so that our speedy trial clock is
16 running.  So I understand we did ask for pretrial motions, but
17 we also asked for a trial date as well.  I get that that's not
18 how this court works, but that is how we do it in our district.
19          THE COURT:  Well, last time I don't think you knew
20 whether you were going to trial or not.  You were asserting
21 your speedy trial rights, but you hadn't gotten a plea letter.
22 It was a very peculiar situation.  You hadn't gotten all of the
23 discovery.  And if you were saying we want a trial date and we
24 assert our speedy trial rights as of this minute and we want a
25 trial date, then it seems to me you can't waive your speedy

1    trial rights.  But then I said to you, okay, but are you going
2    to file motions?  You said yes, I want 45 days, the defense
3    needs this period of time before we can even file a motion.
4            So I don't understand why, at that point, instead of
5    saying I'll have them to you next week, if you needed this much
6    time -- we were last together on August 31st.  It's now
7    October.  You still haven't filed a motion.  If that means the
8    speedy trial clock has just been ticking, ticking, ticking,
9    when the time at this point has been the time that you asked
10   for, and telling me what you're doing about it really doesn't
11   matter.
12           MS. LEVY:  At that point --
13           THE COURT:  I'm not even sure a judge there would
14   think this makes any sense, frankly.
15           MS. LEVY:  We did not have all the discovery.  I
16   think, if the Court remembers, we were awaiting discovery that
17   we were to receive.  And we have received -- at least the
18   discovery that they have provided us at this point, we received
19   it, I believe, a week later.  I would have to look at the
20   receipt of discovery.  So we were awaiting a big amount of
21   discovery the last time that we were meeting; we knew we were
22   awaiting it and we have since received it.
23           THE COURT:  All right.  What's the government's
24   position with respect to the speedy trial calculation between
25   last Friday and the status hearing -- that no one even wants me

1           to set -- that's coming next or the motions hearing on November
2           16?  Basically we need to account for the time between now and
3           the day they file their motion, assuming they don't file a
4           motion for an extension of time to file their motion.  So
5           what's your position?
6                       MS. PASCHALL:  The government would ask that that
7           time be excluded under the Speedy Trial Act, Your Honor.  I
8           think we have been in ongoing discussions both about the
9           potential plea, the potential debrief, discovery issues that
10          have arisen, additional discovery requests that defense has
11          propounded to the government, and we think it would be in the
12          interest of justice to exclude any time between now and at
13          least the motions hearing that's set for mid-November.
14                      THE COURT:  Well, I think it certainly makes sense to
15          exclude the time from the schedule we set -- which was to have
16          a status conference last Friday -- until the date that they're
17          supposed to file their motions, given their request to file
18          their motions at that time.
19                      However, to ensure that that is the correct thing to
20          do, you can both brief it and I can always revise my ruling,
21          and, so -- if it's your position that that is an incorrect
22          calculation under the Speedy Trial Act.  And I also think a big
23          factor is the voluminous nature of the discovery.  Last time I
24          heard a lot from the defense who said the government said we're
25          going to get it, but we're not going to get it, but we did get

1   it.  So now that we know all that, given the pendency of plea
2   negotiations, the complexity of the discovery, the volume of
3   the discovery and the defendant's own request to have 45 days
4   to file a motion, I think you can both file something
5   simultaneously on -- by next Tuesday, October 12th, that tells
6   me what your position.
7           But in the meantime, I do think it's in the interest
8   of justice to exclude the time between now and October 15 --
9   actually, from last Friday to October 15, when the defense
10  motions are due.
11          And since your motion hearing will be before the next
12  status hearing in the related case, we can wait until that day
13  to decide whether we should try to set your case down as a
14  companion status conference on that same date, although the
15  jail has decided that this would be a good time to make it
16  extraordinarily difficult for us to schedule anything.
17          All right.  Ms. Paschall, I have to say that this is
18  the one case that I never understand what either lawyer is
19  telling me.  Ms. Levy just wants to do things the way she's
20  used doing things in her home court and you're telling me
21  things that are very vague and unclear.  And I realize there
22  may be aspects of your investigation that you don't want to
23  reveal publicly, there may be aspects of your negotiations that
24  you don't want to reveal publicly, and that's all fine with me.
25  But whenever I ask anybody what's going on in this case, I get

1   mush, and that's not what I'm used to from either the defense
2   or the prosecution when they appear before me.  And this case
3   is specifically related to another case that seems to be moving
4   on like a normal case in this district.  And I'm having a
5   little trouble figuring you all out.
6           So by the next time we get together, I think it would
7   be important to know what's going on.  If he's getting a plea
8   offer, he should get a plea offer.  If you're making plans to
9   debrief him first, before then, you don't need to tell me that
10  on the record.  But at some point somebody is going to need to
11  tell me what's going on.
12          I will read what you submit, Ms. Levy.  If you think
13  you have a better reading of the Speedy Trial Act, I will
14  consider it.  But I also want to hear what the government has
15  to say on the issue as well.
16          All right.  Is there anything else I need to take up
17  now?
18          MS. PASCHALL:  Nothing for the government, Your
19  Honor.  Thank you.
20          THE COURT:  Anything further for the defense?
21          MS. LEVY:  No, Your Honor.
22          THE COURT:  All righty.  Thank you very much,
23  everybody.
24                              *   *   *
25

CERTIFICATE OF OFFICIAL COURT REPORTER

I, JANICE DICKMAN, do hereby certify that the above and foregoing constitutes a true and accurate transcript of my stenographic notes and is a full, true and complete transcript of the proceedings to the best of my ability.

Dated this 5th day of October, 2021

_____

Janice E. Dickman, CRR, CMR, CCR
Official Court Reporter
Room 6523
333 Constitution Avenue, N.W.
Washington, D.C.  20001