RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
REBECCA A. LEVY
MARGARET W. LAMBROSE
KATHERINE TANAKA
AARIN E. KEVORKIAN
Assistant Federal Public Defenders
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Rebecca_Levy@fd.org
Maggie_Lambrose@fd.org
Katherine_Tanaka@fd.org
Aarin_Kevorkian@fd.org
Attorneys for Daniel Rodriguez

# UNITED STATES DISTRICT COURT

# DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL RODRIGUEZ,<br><br>　　　　Defendant. | Case No. 1:21-cr-00246-ABJ-1<br><br>**Supplemental Brief Regarding Mr. Rodriguez's Speedy Trial Protections** |

## I.　Background[1]

### A.　**Mr. Rodriguez is arrested and his transport to the District of Columbia is delayed.**

On January 8, 2021, Daniel Rodriguez was federally indicted on eight charges related to the United States Capitol events of January 6, 2021. ECF No.

---

[1] This supplemental brief is timely filed per this Court's oral order on October 4, 2021. Undersigned counsel is out-of-district and has accordingly made their best efforts to comply with this Court's local rules, including contacting the Clerk's office to confirm the currency of this Court's Speedy Trial Plan discussed herein.

1. Arrested March 31, 2021, in Fontana, California, Mr. Rodriguez made an initial appearance in front of a federal magistrate judge in the Central District of California, who ordered him detained pending trial. ECF No. 8, pp. 1, 17. Mr. Rodriguez has remained in continuous federal custody since his arrest over six months ago. ECF No. 8, p.1.

On April 2, 2021, the magistrate judge ordered the U.S. Marshals Service to transport Mr. Rodriguez to the District of Columbia. ECF No. 8, p.22. Yet, as of April 20, 2021, Mr. Rodriguez remained in a California detention facility. ECF No. 10. On April 23, 2021, still in California, Mr. Rodriguez made an initial appearance by video teleconference (VTC) in front of a magistrate judge in this District. ECF No. 12, p.1. The judge ordered Mr. Rodriguez's transport to D.C. by May 17, 2021, "to ensure his appearance at the next scheduled hearing before this Court." ECF No. 12, pp.1-2. Despite having nearly an additional month to transport Mr. Rodriguez, the U.S. Marshals Service did not get him to the D.C. district for his next hearing.

Mr. Rodriguez did not arrive in this District until June 10, 2021. ECF No. 15, p.1. The government did not offer an explanation for the delay, despite requesting this Court exclude Mr. Rodriguez's transport time under the Speedy Trial Act. *See generally*, ECF No. 15.

> **B. Concerned about his speedy trial rights, Mr. Rodriguez requested a trial date and objected to excluding pretrial motion preparation time from the speedy trial calculation.**

This Court held VTC status conferences on July 15, August 31, and October 4, 2021. On August 31, in relevant part, counsel for Mr. Rodriguez expressed concern about safeguarding Mr. Rodriguez's speedy trial rights and requested this Court set a pretrial suppression motion deadline and trial date.

ECF No. 31, p.5 ("[W]e are prepared for, at least, the Court to set calendar call and trial date within my client's speedy trial rights; they're tolling, I mean, thus far, and my client has been sitting in custody."); ECF No. 31, p.6 ("[W]ithout a trial date on the calendar, I am concerned about my client's speedy trial rights, particularly because he has been in custody."). Counsel stated: "At this point I think we're ready." ECF No. 31, p.6; ECF No. 31, p.12. Counsel explained the defense's concern that, without an initial date in place to guide the parties (even if the date would later change), Mr. Rodriguez potentially faced open-ended pretrial delay and detention. ECF No. 31, p.12.

This Court declined to set a trial date, however, given that Mr. Rodriguez anticipated filing a pretrial suppression motion. ECF No. 31, pp.14-15. The Court inquired as to when Mr. Rodriguez anticipated filing the motion, and counsel estimated forty-five days. ECF No. 31, p.15. The defense noted it was still waiting on discovery from the government, but the government reported it expected to ship the remaining discovery to defense counsel within the next day or two. ECF No. 31, p.9. And while the government anticipated it may take longer to organize certain databases for videos relating to January 6 prosecutions globally, the government represented to this Court it had already met its discovery obligations specific to Mr. Rodriguez's case. ECF 31, p.24-25.

Following discussion with the parties, the Court scheduled a pretrial suppression motion deadline of October 15, 2021, set briefing and motion hearing schedules, and scheduled another status conference for the beginning of October. ECF No. 31, pp.16-18. Over defense objection, the Court excluded the time between the August 31 and upcoming October status conference from the speedy trial calculation. ECF No. 31, p.28.

On October 4, 2021, this Court held another status conference in Mr. Rodriguez's case. Defense counsel renewed the request for a trial date and reiterated Mr. Rodriguez's objection to excluding time from the speedy trial calculation. ECF No. 32, p.8. Specifically, counsel explained that the Court could set both a motions deadline and trial date, and that the speedy trial clock would automatically pause when any motions were filed. ECF No. 32, pp.8-10; ECF No. 32, p.11 (government requesting exclusion of time). Over defense objection, the Court declined to set a trial date and further excluded the time from the October 4 status conference through the October 15 suppression motion deadline from the speedy trial calculation. ECF No. 32, pp. 9-10, 11-12.

This Court did, however, invite the parties to submit supplemental briefing regarding the speedy trial issues raised during the status conferences. ECF No. 32, p.11-12. Accordingly, Mr. Rodriguez files the instant supplemental brief and respectfully requests this Court 1) set a trial date and 2) include the pretrial motion preparation period in the speedy trial calculation, excluding time only once the motion has been filed with the Court.

## II. Supplemental Brief on Speedy Trial Protections and Requirements

"The Sixth Amendment guarantees that, '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial. . . .'" *Doggett v. United States*, 505 U.S. 647, 651 (1992) (alterations in original) (quoting U.S. Const. amend. VI). "Congress passed the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*, 'to give effect to the sixth amendment right.'" *Betterman v. Montana*, 136 S. Ct. 1609, 1616 (2016) (quoting *United States v. MacDonald*, 456 U.S. 1, 7, n. 7 (1982)). As relevant here, the Speedy Trial Act (the Act) imposes a 70-day limit within which a criminal defendant's trial must commence, measured "from the filing date (and

4

making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

### A. The Speedy Trial Act mandates scheduling, "at the earliest practicable time," Mr. Rodriguez's "trial on a day certain" in order "to assure a speedy trial."

The plain language of the Speedy Trial Act unambiguously requires federal courts to schedule a trial date for a criminal defendant as soon as practicable, notwithstanding that the court may later exclude certain enumerated periods of delay from the Act's time-computation requirements. "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253–54 (1992). Thus, where, as here, "the words of a statute are unambiguous," this "cardinal canon" of construction renders the "judicial inquiry . . . complete." *Id.* (citation omitted).

The first provision of the Speedy Trial Act instructs that federal courts:

> *at the earliest practicable time, shall,* after consultation with the counsel for the defendant and the attorney for the Government, *set the case for trial on a day certain,* or list it for trial on a weekly or other short-term trial calendar at a place within the judicial district, *so as to assure a speedy trial.*

18 U.S.C. § 3161(a) (emphases added). Section 3161(a)'s plain, unambiguous language thus requires that Mr. Rodriguez's trial date be set as soon as practicable in the proceedings.

In accordance with the Speedy Trial Act's mandate and per Local Rule 45.1, this Court has implemented a Speedy Trial Plan[2] (the Plan) "to minimize

---

[2] Available at https://www.dcd.uscourts.gov/sites/dcd/files/Speedy-Trial-Plan2010.pdf.

5

undue delay and to further the prompt disposition of criminal cases." LCrR 45.1. Section 7(a) of the Plan governs the initial conference to "be held in every case within three weeks of arraignment" and provides that "[a]fter consultation with counsel for the parties a firm trial date *shall be set* by the court *at this time.*" Speedy Trial Plan, p.10 (emphases added).

Both the Speedy Trial Act and the Plan implicitly recognize that delays may—and often do—occur, necessitating an updated trial date. *See* § 3161(h) (enumerating excludable periods of delay); Speedy Trial Plan, p.10 (permitting "modifi[cation] by the court for good cause"). Indeed, the term "practicable," used in the Act, does not require steadfast permanency, but simply a "reasonabl[e] capab[ility] of being accomplished" or "feasib[ility] in a particular situation." PRACTICABLE, Black's Law Dictionary (11th ed. 2019). Nevertheless, both the Act and this Court's Plan use nondiscretionary language, directing that courts "shall" set a trial date. § 3161(a); Speedy Trial Plan, p.10. The Act's low practicability threshold for setting a trial date is—and has long been—met here.

This setting of the trial date (even if subsequently changed) serves important purposes. A trial date serves to focus the parties onto an important target, ensuring a concentrated effort to meet the deadline that counts. It also facilitates judicial efficiency by giving parties a concrete timeline to better avoid the endless discovery disclosures and litigation.

Further, setting a trial date at the earliest practicable time assists the court in evaluating whether subsequently requested continuances constitute excludable delay under the Speedy Trial Act. Section 3161(h)(7)(B) directs courts to consider, among other factors in an ends-of-justice analysis, whether continuation of the proceedings would "likely" be "impossible, or result in a

miscarriage of justice" absent a continuance.  Without a scheduled trial date, the court's ability to appropriately evaluate whether a continuance is required to avoid terminating the proceedings is hampered.

In sum, the Speedy Trial Act mandates setting a trial date at the earliest practicable time.  Relatedly, this Court's Speedy Trial Plan mandates setting a trial date at the initial case conference.  While the trial date may change as the case proceeds, setting the date early serves important purposes and focuses the parties on ensuring Mr. Rodriguez's right to a speedy trial is protected.  Thus, this Court should set a trial date for Mr. Rodriguez's case.

**B. The Speedy Trial Act does not permit automatic exclusion of motion preparation from time computation.**

The Speedy Trial Act "recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner v. United States*, 547 U.S. 489, 497 (2006).  Accordingly, the Act enumerates eight categories of specific delay automatically excluded from the 70-day calculation. § 3161(h)(1); *Bloate v. United States*, 559 U.S. 196, 204 (2010).  While delay occasioned by "the filing of [a pretrial] motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is automatically excluded, § 3161(h)(1)(D), the time required for *preparation* of a pretrial motion is not.  *Bloate*, 559 U.S. at 204.  "[T]o exclude automatically such delays would redesign [§ 3161's] statutory framework." *Id.* at 213.

Instead, the Speedy Trial Act does not permit exclusion of pretrial motion preparation time unless "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7).  In balancing these competing interests, courts must consider, in relevant part:

7

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

* * *

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

§ 3161(h)(7)(B).

Here, while the *filing* of pretrial motions by Mr. Rodriguez will automatically begin to toll the speedy trial clock once filed, § 3161(h)(1)(D), the ends of justice do not support excluding the *preparation* time up to the pretrial motion deadline.[3]

As a threshold matter, Mr. Rodriguez's request for a motion deadline did not amount to a request for continuance. Rather, Mr. Rodriguez sought case management deadlines within the speedy trial period. The request for a deadline

---

[3] Mr. Rodriguez reserves the right to challenge all discovery issues, including by discovery motion and motion to continue, as well as speedy trial rulings and calculations. He makes the observations contained herein for purposes of this supplemental briefing only.

8

does not, therefore, automatically render the time until such a deadline automatically excludable.

But even if the motion preparation time here could be characterized as "delay," the ends of justice do not justify excluding this period from the speedy trial calculation.

***First,*** this Court did not find that without excluding the time, the criminal proceedings would be unable to continue.  § 3161(h)(7)(B)(i).

***Second,*** this case is not so unusual or complex that it would be "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the [Speedy Trial] time limits."  § 3161(h)(7)(B)(ii) (directing courts to consider "the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law").  Here, Mr. Rodriguez is the only individual charged in the indictment, no novel questions of fact or law have been raised, and the nature of the prosecution is straightforward.  ECF No. 1.

Certainly, collective discovery among *all* January 6 defendants appears, per the government's representation, voluminous.  *See* ECF No. 29.  But as to *Mr. Rodriguez's* case, the government has repeatedly represented that it has already met its discovery obligations.  ECF No. 31, p.24 ("We have done extensive review of the holdings of the FBI, the Capitol police body-worn camera in this case and have disclose[d] what is relevant to this indictment so far."); ECF No. 31, p.25 (responding affirmatively to this Court's inquiry whether the government "produced everything that, as far as you know, bears on this case for purposes of Rule 16," and stating "[w]e believe that we have met the obligations to the best of our ability at this point, understanding that those obligations are ongoing").

1  Further, initial discovery concerns related to Mr. Rodriguez's case have
2  been alleviated through the months of discovery production prior to the October 4
3  status conference.  At the August 31 conference, defense counsel indicated
4  Mr. Rodriguez was still waiting for the production of a hard drive, which the
5  government represented it expected to ship to the defense within the next day or
6  two.  ECF No. 31, pp.6, 9.  As of August 31, the government had reviewed
7  "everything that is on that hard drive" and knew "what [the government] would
8  be using" from it for the case.  ECF No. 31, p.10; *see also* ECF No. 31, p.12
9  (defense counsel noting the parties "have video from the most significant
10 allegation in this case and we've had that video for quite some time").  Thus, by
11 August 31, the parties had already identified the critical evidence in
12 Mr. Rodriguez's case and Mr. Rodriguez would soon receive it.
13  As expected, Mr. Rodriguez received the requested discovery thereafter.
14 At the October 4 conference, defense counsel notified the Court that
15 Mr. Rodriguez "received it, I believe, a week later" following the August 31
16 conference.  ECF No. 32, p.10.  Counsel explained, "we were awaiting a big
17 amount of discovery the last time that we were meeting; we knew we were
18 awaiting it and have since received it."  ECF No. 32, p.10.  Thus, with the
19 discovery identified and produced, an excluded continuance under the Speedy
20 Trial Act was neither necessary nor warranted.
21  Notably, even the government failed to articulate facts demonstrating
22 particularly unique circumstances warranting exclusion here.  While the
23 government noted "ongoing discussions both about the potential plea, the
24 potential debrief, discovery issues that have arisen, [and] additional discovery
25 requests that defense has propounded to the government," ECF No. 11, these
26 discussions arise in virtually all criminal prosecutions.  The government offered

this Court no reason why these concerns could not reasonably be resolved within the [70-day Speedy Trial] time limit[]" for this case.  § 3161(h)(7)(B)(ii).  Thus, discovery and motion preparation in Mr. Rodriguez's case have proceeded in the normal course, absent any particularly unique circumstances or needs warranting time exclusion.  *Cf. United States v. Rice*, 746 F.3d 1074, 1078 (D.C. Cir. 2014) ("With 19 codefendants, a conspiracy spanning multiple states and countries, hundreds of hours of wiretaps (many in Spanish), the case—considered in its entirety—was sufficiently complex to justify the continuance.").

***Third,*** this Court did not find that additional time outside of the 70-day speedy trial timeline was necessary for effective preparation.  § 3161(h)(7)(B)(iv).

Conversely, Mr. Rodriguez and society have strong interests in ensuring a speedy trial in this case.  *See United States v. Bikundi*, 926 F.3d 761, 777 (D.C. Cir. 2019) (noting the "strong public and private interests served by speedy trials").  As Mr. Rodriguez's case proceeds, he remains in custody; unable to work, enjoy friends and family, the comforts of home, or the normalcies of life.  *Barker v. Wingo*, 407 U.S. 514, 537 (1972) (White, J., joined by Brennan, J., concurring) ("[I]nordinate delay between public charge and trial, . . . wholly aside from possible prejudice to a defense on the merits, may 'seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.'" (quoting *United States v. Marion*, 404 U.S. 307, 320 (1971)).

The public, too, holds a significant interest in Mr. Rodriguez's speedy trial, such as ensuring effective prosecution, efficient use of resources, and—if obtained—the heightened deterrent value of quicker conviction.  *See Marion*, 404 U.S. at 330 (Douglas, J., joined by Brennan and Marshall, J.J., concurring in the

11

result). Indeed, given society's speedy trial interests, even a defendant's *affirmative waiver* of his speedy trial rights does not automatically render time excludable. *See Zedner*, 547 U.S. at 503 (holding "a defendant may not prospectively waive the application of the Act" for all time).[4]

Thus, the ends of justice here do not outweigh Mr. Rodriguez's and society's interests in a speedy trial.

In sum: 1) motion preparation time is not automatically excludable under the Speedy Trial Act, 2) Mr. Rodriguez's request for a trial date and motion deadline did not amount to a request for continuance, and 3) even if the period up to the deadline counts as delay it is not excludable, as the ends of justice do not outweigh the public and private interests in Mr. Rodriguez's speedy trial. Thus, the motion preparation time at issue here is not excludable under the Speedy Trial Act.

---

[4] "[T]here are many cases . . . in which the prosecution, the defense, and the court would all be happy to opt out of the Act, to the detriment of the public interest." *Zedner*, 547 U.S. at 502. However, "the Act serves not only to protect defendants, but also to vindicate the public interest in the swift administration of justice." *Bloate*, 559 U.S. at 211.

### III. Conclusion

Mr. Rodriguez respectfully requests this Court 1) set a trial date in the case and 2) include motion preparation time in the speedy trial calculation.

**Dated:** October 12, 2021.

                                                                Respectfully submitted,

                                                                RENE L. VALLADARES
Federal Public Defender

*/s/Rebecca A. Levy*
*/s/Margaret W. Lambrose*
*/s/Katherine Tanaka*
By: */s/Aarin E. Kevorkian*
REBECCA A. LEVY
MARGARET W. LAMBROSE
KATHERINE TANAKA
AARIN E. KEVORKIAN
Assistant Federal Public Defenders

Attorneys for Daniel Rodriguez

**Certificate of Electronic Service**

The undersigned hereby certifies that she is an employee of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on October 12, 2021, she served an electronic copy of the above and foregoing **Supplemental Brief Regarding Mr. Rodriguez's Speedy Trial Protections** by electronic service (ECF) to the person named below:

CHANNING D. PHILLIPS
United States Attorney
Kimberly L. Paschall
Risa Berkower
Tara Ravindra
Assistant United States Attorneys
555 4th Street, NW
Washington, DC 20530

*/s/ Cecilia Valencia*
Employee of the Federal Public Defender