IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DANIEL RODRIGUEZ,<br><br>　　　　　Defendant. | Case No: 21-cr-246-ABJ-1 |

## APPLICATION FOR ACCESS TO VIDEO EXHIBIT

Pursuant to Local Criminal Rule 57.6 and Standing Order No. 21-28 (BAH), applicants Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Buzzfeed, Inc. d/b/a BuzzFeed News, CBS Broadcasting Inc. o/b/o CBS News, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Gannett Co., Inc., Gray Media Group, Inc., Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, Pro Publica, Inc., Tegna, Inc., and WP Company LLC, d/b/a The Washington Post (together, the "Press Coalition") respectfully seek access, under the First Amendment and common law, to certain video recordings that have been submitted to the Court in this matter. In support of this application the Press Coalition states as follows:

　　　　1.　　On May 14, 2021, in response to a motion filed by the Press Coalition, Chief Judge Beryl A. Howell issued Standing Order No. 21-28 (the "Standing Order"). The Standing Order recognizes "[t]he significant public and media interest in the numerous criminal cases arising from the January 6, 2021 violent breach of the United States Capitol (the 'Capitol Cases'), for which the parties are routinely submitting video exhibits to the Court for use in pretrial proceedings." *See* Standing Order at 2.

2.      To accommodate this interest, the Standing Order provides that "[m]embers of the media seeking access to video exhibits submitted to the Court in Capitol Cases may file an application . . . to the presiding judge in the case, or if no judge has been assigned, to the Chief Judge, for determination, and the judge may seek the position of the parties." *See id.* at 5.

3.      The Standing Order further provides that "[u]pon grant of such media application, the government shall make the video exhibit[s] available to any member of the media with necessary access credentials provided by the government, unless the order otherwise limits access." *See id.* at 5-6.  Specifically, the Standing Order states that "[m]embers of the media provided access to video exhibits in a particular case pursuant to such order may view those exhibits" by way of an electronic "'drop box'" into which the Government has agreed to place videos subject to access orders in the Capitol Cases.  *See id.* at 6.

4.      This action is one of the Capitol Cases.  Defendant is charged with eight counts related to his alleged actions on January 6, including "assaulting, resisting, or impeding certain officers," "theft of government property" and "destruction of government property."  Indictment at 1-3, Dkt. 1.

5.      On October 15, 2021, Defendant filed a motion to suppress certain statements he made during an interrogation by the FBI on grounds that they were "obtained in violation of Mr. Rodriguez's Fifth Amendment right to be free from self-incrimination and the requirements under *Miranda v. Arizona*, 384 U.S. 436 (1966)," and attached a transcript of this interrogation to his motion.  Mot. to Suppress at 1, Dkt. 38.  On November 5, 2021, the Court ordered the Government to inform the Court whether there is video of this interrogation, and if so, " to provide a copy of the video to the Court" (the "Video Exhibit").  *See* Nov. 5, 2021 Minute Order.

Portions of this Video Exhibit were played during a November 16 hearing on Defendant's Motion to Suppress.

6. The Video Exhibit is plainly "intended to influence the court" in its decision-making, and as a result they are judicial records subject to a "strong presumption in favor of public access." *Leopold v. United States*, 964 F.3d 1121, 1127-28 (D.C. Cir. 2020) (Garland, J.); *United States v. Hubbard*, 650 F.2d 293, 299 (D.C. Cir. 1980) (documents "press[ed] upon the trial judge during the suppression hearing . . . became part of the 'record' of the case" and subject to a presumption of public access).

7. Neither the Government nor the Defendant could possibly rebut the presumption of access under the applicable test set out in *Hubbard*, 650 F.2d at 317-21. *See, e.g.*, *United States v. Jackson*, 2021 U.S. Dist. LEXIS 49841 (D.D.C. Mar. 17, 2021) (Howell, C.J.) (granting access to video exhibits in one of the Capitol Cases).

8. Because the Video Exhibit are judicial records subject to an unrebutted presumption of public access, the Court should grant this Application and direct the Government to release the Video Exhibit to the Press Coalition via electronic "drop box" within 72 hours.

9. The Standing Order provides that "[n]o recording, copying, downloading, retransmitting or further broadcasting of video exhibits in a particular case is permitted, unless such permission is granted by the presiding judge." *See* Standing Order at 6. The Press Coalition therefore requests that the Court grant permission to record, copy, download, retransmit, and otherwise further publish these Video Exhibit.[1]

---

[1] The Press Coalition makes this request without conceding that the Standing Order complies with the First Amendment or common law, and expressly reserving the right to challenge this and other portions of the Standing Order in this and other Capitol Cases.

## CONCLUSION

For the foregoing reasons, the Press Coalition respectfully requests that the Court order the Government to release the Video Exhibit, without restriction, within 72 hours.

Dated:  November 16, 2021

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren Russell (#1697195)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200 | Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballarspahr.com

*Counsel for the Press Coalition*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2021, I caused true and correct copies of the foregoing to be served via electronic mail and U.S. Mail on the following:

>Aarin E. Kevorkian
>Katherine A. Tanaka
>Margaret W. Lambrose
>Rebecca Ann Levy
>411 E. Bonneville Avenue
>Suite 250
>Las Vegas, NV 89101
>aarin_kevorkian@fd.org
>katherine_tanaka@fd.org
>maggie_lambrose@fd.org
>rebecca_levy@fd.org
>
>*Attorneys for Defendant Daniel Rodriguez*
>
>Kimberly Louise Paschall
>Risa Berkower
>Tara Ravindra
>555 Fourth Street, NW
>Washington, DC 20530
>kimberly.paschall@usdoj.gov
>risa.berkower@usdoj.gov
>tara.ravindra@usdoj.gov
>
>*Attorneys for the United States*

>>/s/ *Charles D. Tobin*
>>Charles D. Tobin (#455593)