**United States District Court**
**District of Columbia**

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>v.<br>Daniel Rodriguez,<br>Defendant. | Case No. 1:21-cr-00246-ABJ-1 |

# SUPPLEMENTAL BRIEFING IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS

## I. Introduction

Following testimony at the November 16, 2021 evidentiary hearing, this Court provided the parties the opportunity to file a supplemental brief addressing Mr. Rodriguez's invocation of his right to silence, whether his rights were scrupulously honored, and what if anything agents were required to do in response to Mr. Rodriguez's invocation.[1]

As discussed below, (1) Mr. Rodriguez unambiguously and unequivocally invoked his right to remain silent as to all questions related to the alleged assault of Officer Fanone; (2) agents failed to scrupulously honor Mr. Rodriguez's invoked right to remain silent when they continued to question Mr. Rodriguez on the alleged

[1] Transcript of Motions Hearing at 94, 101.

assault; and (3) because of Mr. Rodriguez's invocation, agents were required to cease all questions related to the alleged assault.

Because the agents failed to honor Mr. Rodriguez's right to silence, all statements related to the alleged officer assault must be suppressed.

## II. Argument

### A. Mr. Rodriguez unambiguously and unequivocally invoked his right to remain silent.

An invocation of the right to remain silent cannot be ambiguous or equivocal. *Berghuis v. Thompkins*, 560 U.S. 370, 381–82 (2010). But a defendant "need not speak with the discrimination of an Oxford don" to invoke his rights. *Davis v. United States*, 512 U.S. 452, 459 (1994) (cleaned up); *see also Quinn v. United States*, 349 U.S. 155, 164 (1955) ("[N]o ritualistic formula is necessary in order to invoke the privilege."). Rather, he needs only to "articulate his desire to [remain silent or] have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be [such] a request." *Davis*, 512 U.S. at 459.

Courts have found a simple "no" in response to questions like "do you want to talk?" to be a sufficiently unambiguous and unequivocal invocation of the right to remain silent. *See, e.g.*, *Garcia v. Long*, 808 F.3d 771, 773–74 (9th Cir. 2015) (holding that a suspect answering "no" to the question "[d]o you wish to talk to me?" was an unambiguous request to remain silent under *Miranda*); *Hurd v. Terhune*, 619 F.3d 1080, 1088–89 (9th Cir. 2010) (finding defendant unambiguously invoked his right to silence in response to officers' requests he

reenact a shooting by making statements like: "I don't want to do that," "No," "I can't"); *United States v. Rambo*, 365 F.3d 906, 910 (10th Cir. 2004) (finding defendant's "response, 'No,' [to the question 'do you want to talk to me about this stuff?'] could only mean an invocation of his right to remain silent"); *United States v. Murdock*, 667 F.3d 1302, 1305 (D.C. Cir. 2012) (noting a valid invocation where defendant said "no" in response to questions regarding whether defendant wanted to speak to officer).

In contrast, courts have found an invocation ambiguous and equivocal in cases where defendants relied on assertions like, "I don't think I should say anything" or "maybe I should remain silent." *See, e.g.*, *Burket v. Angelone,* 208 F.3d 172, 200 (4th Cir. 2000) (holding statements such as "I just don't think I should say anything," are not clear assertions of the right to remain silent); *Jones v. Harrington*, 829 F.3d 1128, 1140 (9th Cir. 2016) (holding invocation valid where defendant did not "equivocate[] by using words such as 'maybe' or 'might' or 'I think'").

Here, Mr. Rodriguez unambiguously and unequivocally invoked his right to remain silent to all questions related to the alleged assault on Officer Fanone when he responded "No" to Agent Armenta's question:

> **AGENT ARMENTA:** And you think that's why . . . you're here today? Just because you climbed the scaffolding?
>
> **MR. RODRIGUEZ:** No. You guys kind of told me. That I assaulted a officer.
>
> **AGENT ARMENTA:** And you don't want to talk about that?

      **MR. RODRIGUEZ:** No.[2]

Notably, while Mr. Rodriguez answered questions up to this point, this was the first question agents raised addressing the alleged assault. With a simple "no," Mr. Rodriguez specifically and clearly informed the agents he "[did not] want to" answer questions related to the alleged assault on Officer Fanone.[3] Under these circumstances, "it is difficult to imagine how much more clearly a layperson . . . could have expressed his desire to remain silent." *Hurd*, 619 F.3d at 1089; *see also Rambo*, 365 F.3d at 910, ("[T]here is no nuance nor context to vary the unequivocal meaning of [the defendant's] single word, monosyllabic response. His response, 'No,' could only mean an invocation of his right to remain silent.").

The government appears to argue that a valid invocation required Mr. Rodriguez to explicitly say, "I want to assert my right to stay silent" or "I do not want to answer any more questions."[4] But *Berghuis* does not require these explicit statements to validly invoke the right to silence. *Berghuis*, 560 U.S. at 382. While the government's referenced statements are sufficient to invoke, they are not necessary to invoke.

The defendant in *Berghuis*, unlike Mr. Rodriguez, argued his silence alone, for a majority of the interrogation, should have constituted an invocation

---

[2] ECF No. 38-1 at 37–38.

[3] *Id.*

[4] Transcript of Motion Hearing at 111–12.

and ended the interrogation. *Id.* at 381. The Supreme Court rejected this argument finding that silence was not sufficient to invoke the right to silence and cut off questioning. *Id.* at 382. Unlike the defendant in *Berghuis*, Mr. Rodriguez unambiguously and unequivocally invoked his right to silence as to any questions related to the alleged assault through a verbal response to Agent Armenta's question. Indeed, his response, 'No,' could only mean an invocation of his right to remain silent. *Rambo*, 365 F.3d 906 at 910.

Notably, the government's own interpretation of Mr. Rodriguez's invocation—"No, I don't want to talk about this because it's a terrible thing that are asking me to talk about; no, I don't want to talk about that because that allegation is violent"[5]—show Mr. Rodriguez's invocation was unambiguous or unequivocal. Regardless of the individual's subjective reasons, the question is simply whether the individual has indicated he does not want to talk or answer questions. *See Davis,* 512 U.S. at 459.

That Mr. Rodriguez continued to answer questions even after clearly invoking his right to silence does not undermine the validity of his invocation. A defendant's "*postrequest* responses to further interrogation may not be used to cast retrospective doubt on the clarity of the initial request itself." *Smith v. Illinois*, 469 U.S. 91, 100 (1984) (emphasis in original); *United States v. Abdallah*, 911 F.3d 201, 211 (4th Cir. 2018) ("[C]ourts cannot cast ambiguity on

---

[5] Transcript of Motion Hearing at 111–12.

an otherwise clear invocation by looking to circumstances which occurred *after* the request.").

Just as a valid waiver "cannot be established by showing only that [the accused] responded to further police-initiated custodial interrogation, . . . using an accused's subsequent responses to cast doubt on the adequacy of the initial request *itself* is even more intolerable." *Smith*, 469 U.S. at 98–99; *see also Jones*, 829 F.3d at 1141 (cleaned up) ("A statement taken after the suspect invoked his right to remain silent cannot be other than the product of compulsion, subtle or otherwise.").

Mr. Rodriguez unequivocally and unambiguously invoked his right to silence related to the alleged assault. Neither his actions before the invocation nor after the invocation undermined the clarity or validity of his response to Agent Armenta asking whether Mr. Rodriguez wanted to talk about the alleged assault.[6]

### B. Agents did not scrupulously honor Mr. Rodriguez's right to remain silent.

"[T]he admissibility of statements obtained after the person in custody has decided to remain silent depends under Miranda on whether his right to cut off questioning was scrupulously honored." *Michigan v. Mosley*, 423 U.S. 96, 104 (1975). The right must be scrupulously honored because the requirement

[6] ECF No. 38-1 at 37–38.

that law enforcement respect a person's invocation is one of the few, if any, tools to "counteract[] the coercive pressures of the custodial setting." *Id.*

Here, because Mr. Rodriguez unambiguously and unequivocally invoked his right to silence, his subsequent statements are inadmissible unless the police "scrupulously honored" his right to cut off questioning. *Mosley*, 423 U.S. at 104; *Abdallah*, 911 F.3d at 213 ("[T]he resumption of questioning is permissible and subsequent confessions are admissible *only if* the suspect's right to cut off questioning was scrupulously honored") (internal quotations omitted).

In evaluating whether the right was scrupulously honored, some courts look to factors like whether the police immediately ceased the interrogation when the suspect indicated he did not want to answer questions, whether the police resumed questioning the suspect only after the passage of a significant period of time, whether the police provided a fresh set of *Miranda* warnings before the subsequent interrogation, whether the same officer conducted the interrogation where the suspect invoked the right and the subsequent interrogation, and whether the subsequent interrogation concerned the same crime as the interrogation previously cut off by the suspect. *See, e.g.*, *Mosley*, 423 U.S. at 105–06; *United States v. Lafferty,* 503 F.3d 293, 303 (3d Cir. 2007); *Abdallah*, 911 F.3d at 214; *United States v. Bogle*, 114 F.3d 1271, 1274 (D.C. Cir. 1997).

Here, the agents in this case did not "scrupulously honor" Mr. Rodriguez's invocation of his right to remain silent. Instead, they ignored his unambiguous and unequivocal invocation and pushed forward with the interrogation. There was no pause in questioning and no fresh set of *Miranda* warnings issued. The same agents continued interrogating and they interrogated Mr. Rodriguez specifically about the alleged assault on Officer Fanone. Accordingly, Mr. Rodriguez's clear invocation of his right to remain silent as to questions related to the alleged assault was not "scrupulously honored" by the agents. While the agents could have proceeded with other avenues of questioning, they were required to stop all questioning related to the assault.

### C. All statements related to the assault of Officer Fanone must be suppressed.

Multiple circuits have found an individual may choose "to remain silent selectively." *Hurd*, 619 F.3d at 1088; *see, e.g.*, *United States v. May,* 52 F.3d 885, 890 (10th Cir. 1995) (holding that clearly established law allows a defendant to remain "'partially silent' by answering some questions and refusing to answer others") (quoting *United States v. Canterbury,* 985 F.2d 483, 486 (10th Cir. 1993)); *United States v. Ivy*, 929 F.2d 147, 152–53 (5th Cir. 1991) (determining that invocation was limited to questions about where defendant obtained materials to make a bomb); *United States v. Conner*, 946 F.2d 896, 1991 WL 213756, at *1–2 (6th Cir. 1991) (affirming finding that invocation was limited to "narcotics activity" and did not cover other investigative topics).

Law enforcement must "respect[] the [individual's] wishes and cease[] interrogation concerning any topic covered by a limited invocation." *United States v. Rought*, 11 F.4th 178, 189 (3d Cir. 2021). "This means no more questions not only about the covered topic, but also about any topics 'that the police should know are reasonably likely to elicit an incriminating response from the suspect' about the covered topic." *Id.* (quoting *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980)). While an individual can re-initiate interrogation on a topic he invoked the right to silence on by "bringing the subject back up," the initiation must be done without prompting from law enforcement. *Id.* at 189–90.

Here, Mr. Rodriguez unambiguously and unequivocally invoked his right to silence selectively and specifically to any questions related to the alleged assault of Officer Fanone. Because agents ignored Mr. Rodriguez's invocation and continued questioning him, all statements related to and addressing the alleged assault must be suppressed. Any argument that Mr. Rodriguez re-opened questioning related to the alleged assault by answering the agents' questions after invoking his right to remain silent fails because all answers and discussions were prompted by law enforcement. *See Rought*, 11 F.4th at 189.

## III. Conclusion

For the foregoing reasons, Mr. Rodriguez requests this Court suppress all statements addressing and related to the alleged assault on Officer Fanone.

**Dated:** November 30, 2021.

Respectfully submitted,

RENE L. VALLADARES
Federal Public Defender

By: */s/Rebecca A. Levy*
*/s/Margaret W. Lambrose*
*/s/Katherine Tanaka*

REBECCA A. LEVY
MARGARET W. LAMBROSE
KATHERINE TANAKA
Assistant Federal Public Defenders

Attorneys for Daniel Rodriguez

**Certificate of Electronic Service**

The undersigned hereby certifies that she is an employee of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on November 30, 2021, she served an electronic copy of the above and foregoing **SUPPLEMENTAL BRIEFING IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS** by electronic service (ECF) to the person named below:

CHANNING D. PHILLIPS
United States Attorney
Kimberly L. Paschall
Risa Berkower
Tara Ravindra
Assistant United States Attorneys
555 4th Street, NW
Washington, DC 20530

*/s/ Cecilia Valencia*
Employee of the Federal Public Defender