**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 21-CR-0246 (ABJ)** |
| | : | |
| **DANIEL JOSEPH RODRIGUEZ,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplement to the Government's Opposition to the Defendant's Motion to Suppress Statements ("Government's Opposition"). ECF No. 42. At the hearing on the motion on November 16, 2021, the Court gave the parties the opportunity to address the limited issue of whether the defendant's response to questioning by Special Agent Armenta at 7:54:50 to 7:55:04 of Government's Exhibit 3 constituted an invocation of his right to remain silent. As stated in the Government's Opposition, *Berghuis v. Thompkins,* 560 U.S. 370, 382, 130 S. Ct. 2250, 2260 (2010) controls this analysis and requires that the invocation of the right to be silent be unambiguous. ECF No. 42 at 10-11. Because the defendant's response to Special Agent Armenta was equivocal, the defendant's motion should be denied.

In *Berghuis v. Thompkins*, the Court rejected the notion that repeatedly remaining silent was a sufficient invocation of the right to remain silent and applied instead the principle from *Davis v. United States,* 512 U.S. 452, 459, 114 S. Ct. 2350, 2355 (1994), that a suspect must invoke his rights "unambiguously," which the defendant here could easily have done by saying "that he wanted to remain silent or that he did not want to talk with the police." *Berghuis*, 560 U.S. at 382. There is "good reason" for such a rule, the Court explained, because if ambiguous conduct sufficed

"police would be required to make difficult decisions about an accused's unclear intent." *Id.* at 381 (citing *Davis*, 512 U.S. 452, at 458–59). Depending upon the surrounding circumstances, even a statement or gesture which itself appears to amount to an assertion of the right to remain silent is not always a clear invocation of the Fifth Amendment privilege. *See, e.g., United States v. Stewart*, 902 F.3d 664, 678 (7th Cir. 2018) ("When a person 'appears' to nod in the negative and then refuses to clarify the meaning of that gesture, there is no clear error in concluding that the nod was not an unambiguous invocation of the right to remain silent."); *United States v. Adams*, 820 F.3d 317, 323 (8th Cir. 2016) ("Nah, I don't want to talk, man. I mean, I[…]" followed by 16 minutes of additional talking did not indicate a clear, consistent expression of a desire to remain silent.); *Sechrest v. Ignacio*, 549 F.3d 789, 806 (9th Cir. 2008) (defendant's statement that his lawyer had advised him to "keep his mouth shut" was not an invocation of his Fifth Amendment right to remain silent.); *United States v. Sherrod*, 445 F.3d 980, 982 (7th Cir. 2006) ("I'm not going to talk about nothin'," was not a sufficiently unambiguous invocation so as to cut off all police questioning.); *United States v. Nelson*, 450 F.3d 1201, 1212 (10th Cir. 2006)("I guess I'm ready to go to jail then" is not sufficiently clear that a reasonable police officer in the circumstances would understand it to be an invocation of a *Miranda* right); *Burket v. Angelone*, 208 F.3d 172, 199-200 (4th Cir. 2000)("I just don't think that I should say anything" and "I need somebody that I can talk to" do not constitute an unequivocal request to remain silent.)

Additionally, a statement that expresses an unwillingness or inability to respond to a particular inquiry is not a general claim of the privilege. *Rhoades v. Henry*, 638 F.3d 1027, 1042 (9th Cir. 2011) ("I don't want to talk about it.[ ] Get these [expletive] cuffs off me" did not amount to invocation requiring all questioning be cut off); *United States v. Teleguz*, 492 F.3d 80, 88 (1st Cir. 2007)(" A defendant's choice, after signing a Miranda waiver, to selectively answer questions,

is not in itself an unequivocal assertion of his right to remain silent."); *Taylor v. Riddle*, 563 F.2d 133, 137 (4th Cir. 1977) ("merely expressing "(a) simple inability to answer a question" or to offer an explanation for his conduct is not a Fifth Amendment invocation). If the defendant "clearly and unequivocally invoked his Miranda rights selectively," that is a sufficient invocation of Miranda with respect to the specific situation covered by the invocation. *Arnold v. Runnels*, 421 F.3d 859, 864 (9th Cir. 2005); but see*, Connecticut v. Barrett,* 479 U.S. 523, 529, 107 S. Ct. 828, 832 (1987) (obtaining oral statement from a defendant who refused to give a written statement without a lawyer is consistent with the Fifth Amendment.) See generally, Wayne R. LaFave et al., 2 Crim. Proc. § 6.9(g) (4th ed.).

Here, as the government has recently noted in its response to the Court's Minute Order, ECF No. 67, the defendant's response to Special Agent Armenta's question "and do you want to talk about that?" referencing the defendant's assault on a law enforcement officer at the U.S. Capitol on January 6, 2021, was ambiguous at best. See Government Exhibit 3 at 7:54:50 – 7:55:04. The defendant shook his head, and mumbled a response, which was barely audible. Special Agent Elias's follow up statement "because I tell you what. Everyone else is going to talk about that[,]" was immediate and nearly overlapping of the defendant's mumbling. See Government Exhibit 3 at 7:55:04-7:55:09. The defendant then responded to Special Agent Elias by immediately saying "yeah, I'm pretty ashamed." See Government Exhibit 3 at 7:55:10-7:55:11.

The evidence before the Court in Government's Exhibit 3 indicates that the agents had no reason to believe this response was an invocation, or that they even heard the words mumbled by the defendant. Neither agent's body posture changes, Special Agent Elias begins talking before the defendant can even get his word out, and the defendant does not say anything subsequently to clarify. Special Agent Elias testified at the hearing that he had been a law enforcement officer for

over a decade, with a wealth of experience in custodial interviews. There is no objective reason based on this record to believe that the agents recognized the defendant's head movement and mumbling as an invocation, let alone an unambiguous invocation.

Given the instructions of *Berghuis* and *Davis* that police need not guess as to a defendant's unclear intent, and given the totality of the circumstances surrounding the defendant's head shake and mumbled response, the Court should not construe the actions of the defendant as unambiguously invoking his right to remain silent and cut off all questioning.[1] The defendant willingly continued to answer questions for several more hours after this interaction; all of those statements should be admissible. Alternatively, should the Court view the head shake and mumbling response of the defendant as an invocation, it should be viewed as selective only to the questions regarding the assault on law enforcement, and not a global invocation of the defendant's right to remain silent.

Dated: December 8, 2021

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By: /s/
Kimberly L. Paschall
Tara Ravindra
Assistant United States Attorneys
D.C. Bar No. 1015665 (Paschall)
D.C. Bar No. 1030622 (Ravindra)
555 4th Street, N.W.

[1] As noted in the Government's Opposition, the D.C. Circuit has briefly addressed this issue of whether a "no" is an unambiguous invocation in *United States v. Murdock*, 667 F.3d 1302, 1304 (D.C. Cir. 2012). ECF No. 41, at 11, n. 3. As previously argued, the defendant's mumbled response was a momentary hesitation to a difficult question, which the defendant immediately abandoned by stating "Yeah. I'm pretty ashamed." Thereafter, the defendant continued to willingly answer questions for almost three hours.

Washington, D.C. 20530
(202 252-2650 (Paschall)
(202) 252-7672 (Ravindra)
Kimberly.Paschall@usdoj.gov
Tara.Ravindra@usdoj.gov