**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 21-cr-246 (ABJ) |
| | : | |
| DANIEL RODRIGUEZ (1), | : | |
| EDWARD BADALIAN (2) | : | |
| | : | |
| Defendants. | : | |
| | : | |

**JOINT PRETRIAL STATEMENT**

Pursuant to this Court's Order on September 14, 2022 (ECF No. 122), the United States and defendants Daniel Rodriguez and Edward Badalian hereby submit the attached redacted joint pretrial statement, as the public version of the sealed entry at ECF No. 143.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:     /s/   *Kimberly L. Paschall*
KIMBERLY L. PASCHALL
ANTHONY W. MARIANO
Assistant United States Attorneys
D.C. Bar No. 1015665
M.A. Bar No. 688559
United States Attorney's Office
Capitol Siege Section
601 D Street NW
Washington, D.C. 20530
202-252-2650 (Paschall)
Kimberly.paschall@usdoj.gov
202-476-0319 (Mariano)
Anthony.Mariano2@usdoj.gov

## Table of Contents

PROPOSED STATEMENT OF THE CASE…………………………………….……………3

PRETRIAL ISSUES………………………………………………………………………5

PROPOSED VOIR DIRE QUESTIONS……………………………………………….6

PROPOSED JURY INSTRUCTIONS……………………………………………...18

GOVERNMENT'S WITNESS LIST…………………………………………………59

GOVERNMENT'S EXPERT WITNESSES…………………………………………61

DEFENDANT RODRIGUEZ'S WITNESS LIST AND EXHIBIT LIST……..…………...…62

DEFENDANT RODRIGUEZ'S EXPERT WITNESSES…………………………………63

DEFENDAT BADALIAN'S WITNESS LIST…………………………………………65

STIPULATIONS OF THE PARTIES ........................................................................ 66

PROPOSED VERDICT FORM …………………………………………………….. 70

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 21-cr-246 (ABJ) |
| | : | |
| DANIEL RODRIGUEZ (1), | : | |
| EDWARD BADALIAN (2) | : | |
| | : | |
| Defendants. | : | |
| | : | |

**PROPOSED STATEMENT OF THE CASE**

This is a criminal case, in which the defendants, Daniel Rodriguez and Edward Badalian, are charged with actions arising from the riot at the U.S. Capitol on January 6, 2021. The United States alleges that the defendants conspired together to obstruct the Congressional proceeding being held at the U.S. Capitol on January 6, 2021, and then to obstruct justice by coercing a witness to delete photos and videos taken at the U.S. Capitol on January 6, 2021. The United States additionally alleges that Daniel Rodriguez assaulted a law enforcement officer with a deadly and dangerous weapon, stole government property, and damaged a window, all while at the U.S. Capitol building on January 6, 2021.

> **Defendant Rodriguez Objection:** Defense proffers the word "protest" in place of the word "riot" in the first sentence.

Daniel Rodriguez, who is presumed innocent, denies the allegations contained in the Indictment, has entered a plea of not guilty to all of these charges, and has requested a trial by jury.

Edward Badalian, who is presumed innocent, denies the allegations contained in the Indictment, has entered a plea of not guilty to all of these charges, and has requested a trial by jury. Specifically, Mr. Badalian asserts that he and Mr. Rodriguez did not conspire to delay an act of

Congress or Mutilate any Record. Any actions by Mr. Rodriguez were done on his own accord and without the knowledge or consent of Mr. Badalian.

> **Government objection:** The government opposes the final sentence. Whether defendant Rodriguez acted without defendant Badalian's knowledge is irrelevant, if it was in furtherance of the conspiracy that is charged.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 21-cr-246 (ABJ) |
| | : | |
| DANIEL RODRIGUEZ (1), | : | |
| EDWARD BADALIAN (2) | : | |
| | : | |
| Defendants. | : | |
| | : | |

**PRETRIAL ISSUES**

**A. Estimated Number of Trial Days**

The government expects its case in chief to take approximately 9-10 days. Defendant

Rodriguez expects his case to take approximately 2 days. Defendant Badalian expects his case to

take approximately 1 day.

**B. Outstanding Motions in Limine**

The United States's Omnibus Motions *in Limine*, *see* ECF No. 134, and United States's

Motion *in Limine* To Admit Statements, *see* ECF No. 135, are pending.

**C. Judicial Notice**

The parties do not have any facts of which the Court need take judicial notice.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 21-cr-246 (ABJ) |
| | : | |
| DANIEL RODRIGUEZ (1), | : | |
| EDWARD BADALIAN (2) | : | |
| | : | |
| Defendants. | : | |
| | : | |

**PROPOSED VOIR DIRE QUESTIONS**

**Parties' note:** The first 21 questions are agreed upon by the parties. Questions 22 to 33 are proposed by defendant Rodriguez. Questions 34 to 91 are proposed by defendant Badalian. Government objections are noted after any proposed question or series of questions.

1.  This is a criminal case entitled *United States v. Daniel Rodriguez*, 21-cr-246. The defendants, Daniel Rodriguez and Edward Badalian, were arrested in connection with the events that occurred at the U.S. Capitol on January 6, 2021. Do you know or have you heard anything about this specific case?

2.  The United States in this case is represented by AUSA Anthony Mariano and Kimberly Paschall.  Defendant Daniel Rodriguez is represented by Rebecca Levy, Maggie Lambrose and Katherine Tanaka. Mr. Rodriguez is from Fontana, CA. Defendant Edward Badalian is represented by Robert Helfend and Kira Anne West.  Mr. Badalian is from Panorama City, CA. Do you know any of these people?

3.  [Each side will introduce its witnesses by name and employment.] Do you know any of the witnesses who have been introduced to you?

6

The next four questions relate to you, members of your immediate family, and close personal friends:

4.   Does anyone in that group now work for, or has anyone in that group ever worked for, any law-enforcement agency?  This includes any police department in or outside the District, special police officers, prosecutors' offices such as the state's attorney or U.S. Attorney, Park Police, FBI, Dept. of Justice, Homeland Security, sheriffs' departments, Secret Service, or any other law-enforcement agency.

5.   Has any member of that group ever gone to law school, worked as a lawyer, or worked in a law office?

6.   Has any member of that group ever been arrested for, convicted of, or charged with a crime or been a victim of or witness to a crime?

7.   Does any member of that group live or work in or near the U.S. Capitol?


The next set of questions relate just to you:

8.   Do you have any difficulty reading, speaking, or understanding English?

9.   I will be instructing the jury at the end of this trial that the testimony of a law enforcement witness should be treated the same as testimony of any other witness and that the jury should not give either greater or lesser weight to the testimony of a law enforcement witness. Is there any reason you would not be able to follow that instruction?

10. If you are selected as a juror in this case, I will instruct you to avoid all media coverage, including radio, television, podcasts, and social media, and not to use the internet with regard to this case for any purpose. That is, you will be forbidden from reading newspaper articles about this case, listening to radio and podcast stories about this case, watching TV news about this

case, googling this case, blogging or tweeting about this case, or reading or posting comments about this case on any social media sites. Do you have any reservations or concerns about your ability or willingness to follow this instruction?

11.  Jurors are the sole judges of the facts. However, the jury must follow the principles of law as instructed by the judge. The jury may not follow some rules of law and ignore others. Even if the jury disagrees or dislikes the rules of law or does not understand the reasons for some of the rules, it is their duty to follow them. Do you have any personal beliefs that would make it difficult to follow the Court's legal instructions, whatever they may be?

12.   Have you had any unpleasant experiences with the police, a prosecutor, or other law enforcement, whether here in D.C. or elsewhere, that would make it difficult for you to be a fair juror in this trial? Have you had any unpleasant experiences with a defense attorney or defense investigator, whether here in D.C. or elsewhere, that would make it difficult for you to be a fair juror in this trial?

13. Have any of you had an experience as a member of a grand jury or as a juror in a previous trial?

14. Do you or someone close to you have any personal or professional connection to events at the U.S. Capitol on January 6, 2021?

15. Have you ever watched video of what happened at the U.S. Capitol on January 6, 2021 on the news or on the Internet?

16. A House Select Committee has been holding hearings concerning the events at the U.S. Capitol on January 6, 2021. Have you watched the televised hearings of the House Select Committee investigating January 6?

17. No matter what you have heard or seen about events at the U.S. Capitol on January 6,

8

2021, and any opinions you might have formed about those events, would you have any difficulty setting your opinions aside and deciding this case in a fair and impartial manner based solely on the evidence presented in court?

18. As you sit here, do you have an opinion about the defendants' guilt or innocence in this case?

19. Would serving as a juror in this case be an extreme hardship to you? We expect this trial may last three weeks.

20. Do you have a health or physical problem that would make it difficult to serve on this jury?

21. Is there any other reason that would make it difficult for you to sit as a juror in this case? Perhaps you have a religious, moral, or philosophical reason that you believe would make it hard for you to be fair. In sum, is there some other reason that would make it difficult for you to sit as a fair, impartial, and attentive juror in this particular case?

**Defendant Rodriguez Proposed Questions:**

22. Have you ever been on the Capitol grounds or inside the Capitol building?

23. Were you or a close friend or family member living on Capitol Hill on January 6, 2021?

24. Were you or a close friend or family member at the Capitol on January 6, 2021?

25. Did you have a concern for the safety of yourself, a close friend, or family member on January 6, 2021?

26. Did you vote in the last presidential election?

27. About how many videos have you seen from the events that occurred at the United States Capitol on January 6, 2021?

28. Did you watch live news coverage of the events at the United States Capitol on January 6, 2021?

29. Have you watched or read news coverage of the events at the United States Capitol after January 6, 2021? 30. Do you follow anyone on any social media platform who regularly reports or comments on the events of January 6, 2021?

30. Have you or a close friend or family member been employed or had any association or connection with the House Select Committee to Investigate the January 6th events at the United States Capitol?

31. Did you attend, view, or listen to any portion of any Congressional hearing related to the events that occurred at the United States Capitol on January 6, 2021?

32. Do you have such a strong opinion about any aspect of the events that occurred at the United States Capitol on January 6, 2021, that would affect your ability to be a fair and impartial juror in this case?

33. Are any of you familiar with Officer Michael Fanone, who will be a witness in this case? Have you watched any news interviews with Officer Fanone or watched his congressional testimony?  Have any of you read his book "Hold The Line"?

**Government Objections:**  Questions 22-32 are sufficiently covered by questions 14-17, and therefore duplicative. The government does not object to question 33.


**Defendant Badalian Proposed Questions:**

## ORGANIZATIONAL AFFILIATIONS AND ACTIVITIES

34. Have you or a close friend or family member in the last five (5) years attended a rally, protest, demonstration, or march of any type?

**Government objection:** The government opposes this question as inappropriately probing the jurors' politics.

## PROXIMITY TO EVENTS OF JANUARY 6TH

35. Have you ever been on the Capitol grounds or inside the Capitol building

36. Were you or a close friend or family member living on Capitol Hill on January 6, 2021?

37. Were you or a close friend or family member at the Capitol on January 6, 2021?

38. Did you have a concern for the safety of yourself, a close friend, or family member on January 6, 2021?

**Government objection**: The government opposes questions 35-38, as questions 14-17 are adequate in covering these topics.

## PRIOR JURY SERVICE

39. Have you ever served on a grand jury?

40. Have you ever served on a jury in a trial?

41. For each jury service, please indicate:

42. Approx. Year      Civil or Criminal      Verdict Reached?

43. Have you ever served as a jury foreperson?

44. Was there anything about your jury service that left you disappointed or dissatisfied with the court or criminal justice system?

45. Was there anything about your jury service that would affect your ability to be a fair and impartial juror in this case?

46. Have you or a close friend or family member previously been called for jury service for a trial related to the events of January 6th?

**Government objection**: The government opposes questions 39-46, as question 13 is adequate to cover these topics. Should it become necessary, the parties can follow up with any juror as to whether or not they reached a verdict in their petit jury service.

## MEDIA EXPOSURE

47. What are your primary sources for local and national news?

48. What are the websites on which you have accounts or profiles?

**Government objection:** The government opposes questions 47-48, as inappropriately probing the jurors' politics.

49. There is likely to be media coverage of this case. To assure that the jury's decision in this case is not based upon influences outside the courtroom, the Court instructs that you must avoid reading about the case in the newspapers or listening to any radio or television reports concerning this case including news coverage or communications on the internet or social media. You may not discuss or communicate about this case with your family, friends or co- workers or anyone else including on the internet or social media. Also, until you begin deliberations after the close of all evidence, you may not communicate about this case with your fellow jurors. Are you able to follow these instructions?

**Government objection:** The government opposes question 49, as question 10 is adequate to cover these topics.

### KNOWLEDGE OF TRIAL PARTICIPANTS AND THE CASE

50. The charges in this case arise out of events that occurred in Washington, D.C., on January 6, 2021. There is nothing wrong with having heard or read something about this case. It is important, however, that you truthfully and fully answer the following questions concerning your knowledge about the case and trial participants.

51. The judge who will preside over this case is The Honorable Amy Berman Jackson of the United States District Court for the District of Columbia. Do you know, or have you had any social or professional contact with, Judge Berman Jackson or any of her staff?

**Government objection:** The Court is not a party to the case.

52. The people listed below are lawyers and paralegals who will be representing the United States in this case. Do you know or have you had any social or professional contact with any of them or any of their family members?

53. Kimberly L. Paschall.

54. Anthony W. Mariano.

55. David Smith.

56. The defendants in this case are the following individuals. Do you know or have you had any personal, social, or professional contact with any of them or any of their family members?

57. Daniel Joseph Rodriguez.

58. Edward Badalian.

59. In this case, the defendants will be represented by the following lawyers from various parts of the country. Do you know or have you had any social or professional contact with any of them or any member of their staff?

Katharine A. Tanaka.

Margaret W. Lambrose.

Rebecca A. Levy.

Kira A. West.

Robert M. Helfend.

**Government Objection:** Government opposes questions 52-59, as question 2 is sufficient to cover these topics.

60. Do you recognize any of the names on the proposed witness list?

**Government Objection:** Government opposes question 60, as question 3 is sufficient.

61. Did you vote in the last presidential election? (Neither the Court nor the parties will ask you to identify for whom you cast your vote if you, in fact, voted.)

**Government objection:** The government opposes question 61, as inappropriately probing the jurors' politics.

62. About how many videos have you seen from the events that occurred at the United States Capitol on January 6, 2021?

63. Did you watch live news coverage of the events at the United States Capitol on January 6, 2021?

64. Have you watched or read news coverage of the events at the United States Capitol after January 6, 2021?

65. Do you follow anyone on any social media platform who regularly reports or comments on the events of January 6, 2021?

66. Have you or a close friend or family member been employed or had any association or connection with the House Select Committee to Investigate the January 6th events at the United States Capitol?

67. Did you attend, view, or listen to any portion of any Congressional hearing related to the events that occurred at the United States Capitol on January 6, 2021?

68. Do you have such a strong opinion about any aspect of the events that occurred at the United States Capitol on January 6, 2021, that would affect your ability to be a fair and impartial juror in this case?

**Government Objection:** Government opposes questions 62-68, as questions 14-17 are sufficient to cover these topics.

69. Have you read, seen, or heard anything about protestors coming from California to Washington, D.C. on January 6th?

70. Have you read, seen, or heard anything about certain protestors from California that would affect your ability to be a fair and impartial juror in this case?

71. Have you read, seen, or heard about any allegations regarding the defendants — Edward Badalian — Daniel Joseph "DJ" Rodriguez - in this case?

72. Have you read, seen, or heard anything about the defendants— Edward Badalian — Daniel Joseph "DJ" Rodriguez — that would affect your ability to be a fair and impartial juror in this case?

**Government Objection:** Government opposes questions 69-72, as questions 2, 14-17 are sufficient to cover these topics.

## EMPLOYMENT WITH LAW, LAW ENFORCEMENT, AND THE COURTS

73. Have you or a close friend or family member ever worked in any aspect of the legal field as a lawyer, prosecutor, criminal defense attorney, legal secretary, paralegal, court reporter, investigator, law clerk, judge, etc.?

74. Have you or a close friend or family member ever applied for employment with, were employed by, or received training by any local, state, or federal law enforcement agency?

75. If you answered yes to any of the 2 questions immediately above, would any of those experiences affect your ability to be a fair and impartial juror in this case?

76. Several witnesses in this case will be law enforcement officers. You will be instructed that the testimony of a law enforcement officer is to receive no greater or no lesser weight simply because that witness is a law enforcement officer. Would you have any difficulty in following that instruction?

**Government Objection:** Government opposes questions 73-76, as question 9 is sufficient to cover these topics.

## EXPERIENCE WITH CRIME AND VIOLENCE

77. Have you or a close friend or family member ever been the victim of a crime, reported or not?

78. Have you or a close friend or family member ever been a witness to a crime, whether or not it was reported to the police?

79. Have you or a close friend or family member ever testified as a witness in any court proceeding?

80. Have you or a close friend or family member ever been arrested, charged, prosecuted, or convicted of any crime other than for a traffic violation?

81. If you answered yes to any of 4 questions immediately above, would that experience affect your ability to be a fair and impartial juror in this case?

**Government Objection:** Government opposes questions 77-81, as questions 6 and 12 are sufficient to cover these topics.

## LEGAL PRINCIPLES

82. An indictment is not evidence. It is a document that sets forth the charges made against the defendant; it is an accusation. It may not be considered as any evidence whatsoever of a defendant's guilt. Can you think of any reason that would interfere with your ability to follow and apply this principle of law?

83. A defendant is presumed innocent and cannot be found guilty unless the jury, unanimously and based solely on the evidence in this case, finds that the government has proven his guilt beyond a reasonable doubt. The burden of proving guilt rests entirely with the government. The defendant is not required to prove his innocence. Can you think of any reason that would interfere with your ability to follow and apply these principles of law?

84. The United States has the burden of proving its case beyond a reasonable doubt as to each defendant and each individual count on the indictment separately. Can you think of any reason that would interfere with your ability to follow and apply this principle of law?

85. If the United States fails to prove a defendant's guilt beyond a reasonable doubt, the defendant must be found not guilty. Can you think of any reason that would interfere with your ability to follow and apply this principle of law?

86. Under the law, a defendant accused of a crime does not have to testify in his or her defense. If a defendant does not testify, the jury may not consider that fact in any way in deciding whether a defendant is guilty. Can you think of any reason that would interfere with your ability to follow and apply this principle of law?

87. The charges in this case include conspiring to obstruct an official proceeding, destroying government property, theft of government property, obstruction of law enforcement during  civil disorder,  tampering with documents or proceedings, aiding and abetting, inflicting bodily injury on certain officers using a dangerous weapon, and entering and remaining in a restricted building or grounds. Is there anything about the charges, without more, that might affect your ability to fairly evaluate the evidence or determine whether the government has proven a defendant's guilt beyond a reasonable doubt?

88. Jurors are the sole judges of the facts. However, the jury must follow the principles of law as instructed by the judge. The jury may not follow some rules of law and ignore

others. Even if the jury disagrees or dislikes the rules of law or does not understand the reasons for some of the rules, it is their duty to follow them. Do you have any personal beliefs that would make it difficult to follow the Court's legal instructions?

**Government Objection:** Government opposes questions 82-88, as questions 11, 18 and 21 are sufficient to cover these topics.

## CONCLUDING QUESTIONS

89. If you were selected to serve on this jury, would you consider and respect the view of other jurors even if their views differed from yours, in accordance with the Court's instructions?

90. If, during the course of jury deliberations, a fellow juror should suggest that you disregard the law or the evidence and decide the case on other grounds, would you, as a juror, be able to reject that suggestion and abide by your oath to this Court to decide the case solely on the evidence and law as the Court has instructed you to do, without regard to sympathy, bias, or prejudice?

91. Is there anything beyond the points covered today that creates a question in your mind as to whether you could be a fair, objective, and impartial juror in this case?

**Government Objection:** Government opposes questions 89-91, as questions 18 and 21 are sufficient to cover these topics.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 21-cr-246 (ABJ) |
| | : | |
| DANIEL RODRIGUEZ (1), | : | |
| EDWARD BADALIAN (2) | : | |
| | : | |
| Defendants. | : | |
| | : | |

## PROPOSED JURY INSTRUCTIONS

The parties request the following jury instructions.

**A.      Jointly Proposed Jury Instructions**

**I.      Instructions Before and During Trial**

The parties have no objection to the Pattern Criminal Jury Instructions for the District of

Columbia, 2021 Release ("Redbook"), as appropriate based on the developments at trial.

**II.     Final Instructions**

1.      Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

2.      Function of the Court, Redbook 2.101

3.      Function of the Jury, Redbook 2.102

4.      Jury's Recollection Controls, Redbook 2.103

5.      Notetaking by Jurors, Redbook 1.105

6.      Evidence in the Case, Redbook 2.104

7.      Statements of Counsel, Redbook 2.105

8.      Indictment Not Evidence, Redbook 2.106

9.      Burden of Proof, Redbook 2.107

10.     Reasonable Doubt, Redbook 2.108

11.     Direct and Circumstantial Evidence, Redbook 2.109

12.     Nature of Charges Not to Be Considered, Redbook 2.110

13.     Number of Witnesses, Redbook 2.111

14.     Inadmissible and Stricken Evidence, Redbook 2.112

15.     Credibility of Witnesses, Redbook 2.200

16.     Witness with a Plea Agreement, Redbook 2.203

17.     Police Officer's Testimony, Redbook 2.207

18.     Right of Defendant Not to Testify, Redbook 2.208 *or* Defendant as
        Witness, Redbook 2.209, *as applicable*

19.     Statements of the Defendant – Substantive Evidence, Redbook 2.305

20.     Transcripts of Tape Recordings, Redbook 2.310

21.     Specialized Opinion Testimony, Redbook 2.215

22.     Evidence Admitted Against One Defendant Only [see proposal below,

        adapted from Redbook 2.308]

23.     <u>Count One</u>: Conspiracy, in violation of 18 U.S.C.§ 371 [see proposal
        below]

24.     <u>Count Two</u>: Obstruction of an Official Proceeding, Aiding and Abetting,
        in violation of 18 U.S.C. §§ 1512(c)(2), 2 [see proposal below]

25.     <u>Count Three</u>: Tampering with Documents or Proceedings, in violation of
        18 U.S.C. § 1512(c)(1) [see proposal below]

26.     <u>Count Four</u>: Obstruction of Law Enforcement During a Civil Disorder, in
        violation of 18 U.S.C. § 231(a)(3) [see proposal below]

27.     <u>Count Six</u>: Inflicting Bodily Injury on Certain Officers using a Deadly and
        Dangerous Weapon, in violation of 18 U.S.C. § 111(a)(1) and (b) [see
        proposal below]

28.     <u>Count Seven</u>: Theft of Government Property, in violation of 18 U.S.C.
        § 641 [see proposal below]

29.     <u>Count Eight</u>: Destruction of Government Property, in violation of 18
        U.S.C. § 1361 [see proposal below]

30.     <u>Count Ten</u>: Entering and Remaining in Restricted Buildings or Grounds,
        in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A)

31.     Proof of "on or about," Redbook 3.103

32.     Proof of State of Mind, Redbook 3.101

33.     Aiding and Abetting, Redbook 3.200

34.     Multiple Counts – One Defendant, Redbook 2.402

35.     Unanimity—General, Redbook 2.405

36.     Verdict Form Explanation, Redbook 2.407

37.     Redacted Exhibits, Redbook 2.500

38.     Exhibits During Deliberations, Redbook 2.501

39.     Selection of Foreperson, Redbook 2.502

40.     Possible Punishment Not Relevant, Redbook 2.505

41.     Cautionary Instruction on Publicity, Communication, and Research,
        Redbook 2.508

42.     Communication Between Court and Jury During Jury's Deliberations,
        Redbook 2.509

43.     Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

44.     Excusing Alternate Jurors, Redbook 2.511

**Proposed Instruction No. 22**

**EVIDENCE ADMITTED AGAINST ONE DEFENDANT ONLY**

Certain evidence in this case has been admitted only against a particular defendant, and not admitted against other defendants. That evidence includes the following:

1.       Exhibits _____ through _____, which are admitted only as to Mr. Rodriguez.

2.       Exhibits ____ through _____, which are admitted only against Mr. Badalian.

Unless I have previously instructed you otherwise, all other evidence has been admitted against all defendants.

**Proposed Instruction No. 23**

**CONSPIRACY[1]**

**18 U.S.C. § 371**

Count One of the Indictment charges the defendants with Conspiracy, which is a violation of federal law. Count One of the indictment charges that, from in and around November 2020 through in and around January 2021, the defendants participated in a conspiracy to (1) to stop, delay or hinder Congress's Certification of the Electoral College vote, or (2) to corruptly alter, destroy, mutilate and conceal a record, document, or other object to prevent evidence of their unlawful acts on January 6, 2021 from being used in an official proceeding, that is, the grand jury investigation into the attack of the Capitol on January 6, 2021.  It is against the law to agree with someone to commit these crimes.[2]

**Defendant Rodriguez Objection:** Defense proposes to delete "other object" from subsection (2) so that it states "(2) to corruptly alter, destroy, mutilate and conceal a record or document to prevent evidence…" Defense argues Including the "other object" language from the statute is unnecessary, because the indictment alleges tampering only with "photos and videos." See Indictment, ¶¶ 70–72.  Moreover, including the phrase "other object" without a definition could confuse the jury, as the language is fairly broad. See Yates v. United States, 574 U.S. 528, 542–45 (2015) (plurality).

---

[1] *See generally* Redbook Instruction 7.102, 2020 Edition; *United States v. Stewart Rhodes*, *et. al*., 22-cr-15 (APM) (D.D.C. November 21, 2022), ECF No. 400 (instructions on conspiracy from January 6th trial); Eighth Circuit Pattern Jury Instructions, 2017 Edition; Eleventh Circuit Pattern Jury Instructions, 2020 Edition. Each paragraph or definition is annotated with the source from which it is derived.

[2] *See* Redbook Instruction 7.102, 2020 Edition.

The charge of conspiracy is a separate charge from corruptly obstructing an official proceeding itself, and from corruptly altering, destroying, mutilating or concealing a record, document, and other object itself, both of which the defendants are also charged with.[3]

*Elements*

With respect to Count One, you must consider separately the issue of each defendant's participation. Specifically, for you to find a defendant guilty of conspiracy, the government must prove each of the following elements beyond a reasonable doubt:[4]

1. First, from on or about December 19, 2020, until on or about January 19, 2021, an agreement existed between two or more people to commit the crime of obstruction of an official proceeding or tampering with a record, document, or object;[5]

2. Second, the defendant intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect;[6] and

3. Third, one of the people involved in the conspiracy did something—called an overt act—for the purpose of carrying out the conspiracy.[7]

**Defendant Rodriguez Objections:** Defense proposes the following language for the elements:
1. First, on or before January 6, 2021, the defendant and at least one other person reached an agreement to commit the crime of obstruction of an official proceeding or tampering with a record or document to prevent its use in an official proceeding, with all of you agreeing which objective the defendant agreed to accomplish;[8]

---

[3] *Id.*

[4] Final jury instructions from *United States v. Mark Pray, et.al.*¸10-cr-051 (RMC), ECF No. 388, at 48, to clarify that each defendant must be evaluated individually.

[5] Redbook Instruction 7.102, 2020 Edition.

[6] Redbook Instruction 7.102, 2020 Edition and Eighth Circuit Pattern Jury Instructions, 2017 Edition.

[7] Redbook Instruction 7.102, 2020 Edition.

[8] *See* 1 Criminal Jury Instructions for DC Instruction 7.102, Comment (2022) ("Where more than

2. Second, the defendant voluntarily, intentionally, and knowingly[9] joined in the agreement, either at the time it was first reached or at some later time while it was still in effect;

3. Third, at the time the defendant joined in the agreement, the defendant knew the purpose of the agreement; and

4. Fourth, while the agreement was in effect, a person or persons who had joined in the agreement knowingly did one or more acts  to accomplish the objective of the conspiracy to which defendant agreed.[10]

<u>*Terms and Definitions*</u>

*Conspiracy*

A conspiracy is an agreement by two or more persons to join together to accomplish some unlawful purpose.

*Existence of a conspiracy*

The first element of the crime of conspiracy is the existence of an agreement. This does not have to be a formal agreement or plan, in which everyone involved sat down together and worked out the details. On the other hand, merely because people get together and talk about common

---

one substantive offense is charged as an object of the conspiracy, the jury must be unanimous as to at least one objective the defendants agreed to accomplish. However, the government is not required to prove that the defendants agreed to accomplish all of the objectives alleged. *See U.S. v. Treadwe*ll, 760 F.2d 327, 336–37 (D.C. Cir. 1985)). Addressing unanimity only at the end of the explanation of this instruction as proposed by the government is insufficient to convey to the jury this element requires unanimity on the objective the defendant sought to accomplish.

[9] "Knowingly" is omitted from the government's proposed instruction but defined below. As a defendant must enter a conspiracy knowingly, it is appropriate to include it.  *See* 1 Criminal Jury Instructions for DC Instruction 7.102, Comment (2022) ("As to the defendant's participation, *see U.S. v. Treadwell*, 760 F.2d 327, 333 (D.C. Cir. 1985) (the government must prove that "the defendant knowingly participated in the conspiracy with the intent to commit at least one of the offenses charged … ."); *U.S. v. Haldeman*, 559 F.2d 31, 112 (D.C. Cir. 1976) (the jury must find that "each Defendant knowingly participated in this conspiracy with the intent to commit the offense … which was the object of the conspiracy")).

[10]  The government's proposed instruction use of the phrase "carry forward" is vague and fails to instruct any overt act must be related to the objective to which the defendant agreed. This clarification is necessary as two possible objectives are charged.

interests or do similar things does not necessarily show that an agreement exists to obstruct an official proceeding, or to alter, destroy, mutilate or conceal a record, document, or object. It is enough that the government proves beyond a reasonable doubt that there was a common understanding among those who were involved to commit the crime of obstructing an official proceeding, or altering, destroying, mutilating or concealing a record, document, or object. So, the first thing that must be shown is the existence of an agreement.[11]

> **Defendant Rodriguez Objection:** Defense proposes inserting the word "voluntarily" into sentence two so it reads "The United States must prove beyond a reasonable doubt that two or more persons voluntarily, knowingly, and intentionally arrived at a mutual understanding or agreement, either explicitly or implicitly, to work together to achieve the overall objectives of the conspiracy."

> **Defendant Rodriguez Objection:** Defense proposes the following final statement for this paragraph: "What the United States must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective with all of you agreeing on the objective the defendant agreed to."

You may consider both direct evidence and circumstantial evidence in deciding whether the United States has proved beyond a reasonable doubt that an agreement or mutual understanding existed. You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.[12]

> **Defendant Rodriguez Objection:** Defense proposes removing this final paragraph. This language is already covered in the instruction explaining "Direct and Circumstantial Evidence," government proposed instruction 11, Redbook 2.109, and "Proof of State of Mind," government proposed instruction, 32, Redbook, 3.101.

---

[11] Redbook Instruction 7.102, 2020 Edition.

[12] *United States v. Stewart Rhodes, et. al.*, 22-cr-15 (APM) (D.D.C. November 21, 2022), ECF No. 400 (instructions on conspiracy from January 6th trial).

*Success is irrelevant*

It does not matter whether the persons who formed the agreement actually carried out their plans or whether the agreement ultimately was successful.[13]

Proof concerning the accomplishment of the object of a conspiracy may be evidence of the existence of the conspiracy itself. In other words, success in carrying out an act, if you believe it was carried out, may be proof of the agreement itself—but as I just said, it is not necessary that a conspiracy actually succeed in its purpose for you to conclude that it existed.[14]

*"Intentionally"*

If you conclude that the United States has proven beyond a reasonable doubt that the conspiracy you are considering existed, and that the conspiracy had as its object one of the illegal purposes charged in the indictment, then you must next determine whether the defendant intentionally participated in that conspiracy with knowledge of its unlawful purposes, and with the intent to further its unlawful objectives.[15]

It is not necessary to find the defendant agreed to all the details of the crime, or that he knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy. Even if the defendant was not part of the agreement at the very start, he can become a

---

[13] *Id.*

[14] *Id.*

[15] *Id.*

member of a conspiracy later if the government proves that he intentionally joined the agreement. Different people may become part of the conspiracy at different times.[16]

But mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that the defendant knowingly joined in the agreement. Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make the defendant part of the conspiracy. So, the second thing that must be shown is that the defendant was part of the conspiracy.[17]

**Defendant Rodriguez Objection:** Defense proposed elements includes voluntarily and knowingly, and therefore defense proposes adding those terms to the definitions here: "The United States must prove beyond a reasonable doubt that the defendant voluntarily, knowingly, and intentionally entered into the conspiracy with criminal intent—that is, with a purpose to violate the law—and that he agreed to take part in the conspiracy to promote and cooperate in its unlawful objectives."

"Unlawfully" simply means contrary to law. A defendant does not need to have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of their acts.

The terms "voluntarily," "knowingly," and "intentionally" mean that to find that a defendant joined the conspiracy, you must conclude beyond a reasonable doubt that in doing so, he knew what he was doing; in other words, that the defendant took the actions in question deliberately and voluntarily. An act is done "voluntarily," "knowingly," and "intentionally" if it is done deliberately and purposely; that is, the defendant's acts must have been the product of the defendant's conscious objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

**Defendant Rodriguez Proposal:** Defense proposes the next two instructions, with the government objects to as duplicative:

*Mere association*
"I want to caution you that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place. For example, mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction for conspiracy. In other words, knowledge without agreement is not sufficient. What is necessary is that the defendant has joined the conspiracy with

---

[16] Redbook Instruction 7.102, 2020 Edition.
[17] Redbook Instruction 7.102, 2020 Edition.

knowledge of its unlawful purposes and with an intent to aid in the accomplishment of its unlawful objectives. A person may know, or be friendly with, a conspirator without being a conspirator himself. Mere similarity of conduct or the fact that persons may have assembled together and discussed common aims and interests does not necessarily establish membership in a conspiracy."

*Mere knowledge*
"I also want to caution you that mere knowledge of or acquiescence to the unlawful plan— without agreement in it—is not sufficient. Moreover, the fact that the acts of the defendant without knowledge merely happened to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. The defendant must have joined the agreement with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends."

In sum, you must find beyond a reasonable doubt that the defendant, with an understanding of the unlawful nature of the conspiracy, intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering an illegal undertaking. The defendant thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.[18]

*Overt Acts*

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy.[19]

*Statements*

In determining whether a conspiracy between two or more persons existed and whether each defendant was one of its members, you may consider the acts and the statements of any other members of the conspiracy as evidence against all of the defendants whether done in or out of their presence while the conspiracy existed. When persons enter into an agreement to commit a crime, they become agents for each other so that everything which is said or done by one of them in furtherance of that purpose is deemed to be the statement of all who have joined in that conspiracy

---

[18] *Id.*
[19] Eleventh Circuit Pattern Jury Instructions, Criminal Cases (2016 revision).

and is evidence against all of the conspirators. However, statements of any conspirator which are made before its existence or after its termination may be considered as evidence only against the person making such statements.[20]

*Unanimity as to the Objects or Goals of the Conspiracy*

The object of a conspiracy is the illegal goal that the conspirators agree or hope to achieve. A conspiracy may have more than one object.[21]

Count One charges the defendants with conspiring to achieve two separate goals or objects: (1) to stop, delay or hinder Congress's Certification of the Electoral College vote, or (2) to corruptly alter, destroy, mutilate and conceal a record, document, or other object to prevent evidence of their unlawful acts on January 6, 2021 from being used in an official proceeding, that is, the grand jury investigation into the attack of the Capitol on January 6, 2021.[22]

**Defendant Rodriguez Objection:** Defense again objects to the use of "other object" in subpart (2).

The United States is not required to prove both goals of the conspiracy. However, the United States must prove at least one of those two goals beyond a reasonable doubt. If the United States has not proved that at least one of those goals was a goal of the conspiracy charged in Count One, your verdict must be not guilty.[23]

As to either or both goals which you may find the defendants agreed to promote, you must be unanimous. For example, if some of you find that the defendants agreed to stop, delay or hinder

---

[20] *See* Redbook Instruction 7.102, 2020 Edition.
[21] *United States v. Stewart Rhodes*, *et. al*., 22-cr-15 (APM) (D.D.C. November 21, 2022), ECF No. 400 (instructions on conspiracy from January 6th trial).
[22] *Id.*
[23] *United States v. Stewart Rhodes*, *et. al*., 22-cr-15 (APM) (D.D.C. November 21, 2022), ECF No. 400 (instructions on conspiracy from January 6th trial).

Congress's Certification of the Electoral College vote, and the remaining jurors find that the defendants agreed only to corruptly alter, destroy, mutilate and conceal a record, document, or object to prevent evidence of their unlawful acts on January 6, 2021 from being used in an official proceeding, that is not enough. You must be unanimous as to one or the other or both.[24]

> **Defendant Rodriguez Objection:** Defense again objects to the use of "object" in the second sentence.

---

[24] *Id.*

### Proposed Instruction No. 24

### OBSTRUCTION OF AN OFFICIAL PROCEEDING, AIDING AND ABETTING[25]

### 18 U.S.C. §§ 1512(c)(2), 2

Count Two of the indictment charges each defendant individually with corruptly obstructing an official proceeding, on or about January 6, 2021, and attempting to obstruct or impede an official proceeding and aiding and abetting other to commit that offense, each of which is a violation of the law.[26]

> **Defendant Badalian Objection**: Defense objects to the phrase "which is a violation of the law."

I will first explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether each defendant attempted or aided and abetted the offense.

### *Elements*

In order to find a defendant guilty of obstructing an official proceeding, you must find that the United States proved each of the following four elements beyond a reasonable doubt:

1. First, the defendant obstructed or impeded an official proceeding;

2. Second, the defendant intended to obstruct or impede the official proceeding;

**Defendant Badalian Objection:** Defense proposes "the defendant acted with the intent to" rather than intended.

3. Third, the defendant acted knowingly, with awareness that the natural and probable effect of the defendant's conduct would be to obstruct or impede the official proceeding; and

---

[25] *See United States v. Stewart Rhodes et al.*, 22-cr-15 (APM) (D.D.C. November 21, 2022), ECF No. 400.

**Defendant Rodriguez Proposal**: Defense proposes the following text for the third element: Third, the defendant acted knowing the natural and probable effect of the defendant's conduct of interfering with the official proceeding.[27]

4.      Fourth, the defendant acted corruptly.

*Terms and Definitions*

The term "official proceeding" includes a proceeding before the Congress. If the official proceeding was not pending at the time of the offense, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. As used in Counts One and Two, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote.

**Defendant Badalian Objection:** Defense proposes "The official proceeding need not be pending at the time of the offense. If the official proceeding was not pending or about to be instituted" for the second sentence.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether a defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

To act "corruptly," the defendant must use unlawful means or act with improper purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong.

---

[27] The government's proposed instruction fails to make clear the necessary nexus requirement between the conduct and the official proceeding. *See* 2A Fed. Jury Prac. & Instr. § 49:03 (6th ed.) (citing Second Circuit's holding that "[t]o satisfy this requirement, the defendant's conduct must 'have a relationship in time, causation, or logic with the judicial proceedings'; in other words, 'the endeavor must have the natural and probable effect of interfering with the due administration of justice.'") (citation omitted).

**Defendant Rodriguez Proposal:** Defense proposes adding the following final sentence: "A person acts corruptly only if he knows that he is likely to accomplish the intention required by the offense.[28]"

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by engaging in conduct such as offering illegal bribes, engaging in violence, committing fraud, or through other independently unlawful conduct, is acting corruptly.

**Defendant Badalian Objection:** Defense proposes for the final sentence "In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or through engaging in other independently unlawful conduct, is acting corruptly."

While the defendant must act with intent to obstruct the official proceeding, this need not be the defendant's sole purpose. A defendant's unlawful intent to obstruct justice is not negated by the simultaneous presence of another purpose for the defendant's conduct.

**Defendant Badalian Objection:** Defense proposes the following paragraph "While the defendant, to be guilty, must act with intent to obstruct the official proceeding, this need not be the defendant's sole purpose. A defendant's unlawful intent to obstruct justice is not negated by the simultaneous presence of another purpose for the defendant's conduct. However, the fact that the defendant's mere presence may have had the unintended effect of obstructing or impeding a proceeding does not establish that the defendant acted with the intent to obstruct or impede that proceeding."

*Attempt*

---

[28] "[T]he Supreme Court has held in related contexts that a person 'corruptly' acts with a certain intention only if the person knows that he is likely to accomplish the intention." *United States v. White Horse*, 35 F.4th 1119, 1121–23 (8th Cir. 2022) (citing *Arthur Andersen LLP v. United States*, 544 U.S. 696, 703–705, 708 (2005); *United States v. Aguilar*, 513 U.S. 593, 595, 599 (1995))

In Count Two, each defendant is also charged individually with attempting to commit the crime of obstruction of an official proceeding. An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime of obstruction of an official proceeding. In order to find a defendant guilty of attempting to commit obstruction of an official proceeding, you must find that the United States proved beyond a reasonable doubt each of the following two elements:

1.     First, that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above; and

2.     Second, that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

**Defendant Badalian Objection:** Defense proposes for the second element: "Second, that the defendant took a substantial step toward committing obstruction of an official proceeding which substantial step strongly corroborates or confirms that the defendant intended to commit this offense." The government objects that substantial step in the second half of the clause is duplicative.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because the defendant thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because the defendant made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish the defendant's intent to

34

commit obstruction of an official proceeding. However, the substantial step element does not require the United States to prove that the defendant did everything except the last act necessary to complete the crime.

> **Defendant Rodriguez Proposal:** Defense proposes adding "meaning his act must have come dangerously close to committing the crime" to the end of the second sentence. [29]

## *Aiding and Abetting*

In this case, the United States further alleges that the defendants aided and abetted others in committing, or attempting to commit, obstruction of an official proceeding, as charged in Count Three. A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

> **Defendant Badalian Objection:** Defense proposes omitting the first sentence "In this case, the United States further alleges that the defendants aided and abetted others in committing, or attempting to commit, obstruction of an official proceeding, as charged in Count Three."

> **Defendant Rodriguez Objection:** Defense proposes adding the word "voluntarily" to the final sentence so it reads "defendant voluntarily, knowingly, and intentionally aided and abetted that person in committing the crime."

In order to find the defendant guilty of obstruction of an official proceeding because the defendant aided and abetted others in committing this offense or attempting to commit this offense,

---

[29] 1 Criminal Jury Instructions for DC Instruction 7.101 (2022).

you must find the that the United States proved beyond a reasonable doubt the following five requirements:

1.    First, that others committed, or attempted to commit, obstruction of an official proceeding, by committing each of the elements of the offense charged, as I have explained above;

2.    Second, that the defendant knew that obstruction of an official proceeding was going to be committed, was being committed, or was attempted to be committed by others;

3.    Third, that the defendant performed an act or acts in furtherance of the offense;

4.    Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing, or attempting to commit, the offense of obstruction of an official proceeding; and

5.    Fifth, that the defendant did that act or acts with the intent that others commit, or attempt to commit, the offense of obstruction of an official proceeding.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you cannot find

the defendant guilty of the obstruction of an official proceeding as an aider and abettor. The United States must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

> **Defendant Rodriguez Proposal:** Defense objects to the first sentence of this paragraph and believes it should be deleted, as this language is already covered in the instruction explaining "Direct and Circumstantial Evidence," government proposed instruction 11, Redbook 2.109, and "Proof of State of Mind," government proposed instruction, 32, Redbook, 3.101. Defense also proposes the final sentence in this paragraph read: "The United States must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others and tried to make it succeed." [30]

To show that the defendant performed an act or acts in furtherance of the offense charged, the United States needs to show some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

### *Concluding Remark for Count Two*

A defendant may be found guilty of the offense charged in Count Two if the defendant obstructed an official proceeding, or attempted to, or aided and abetted the obstruction of an official proceeding. Either of these three ways of committing the offense is described in the instructions that I have given you. You are not required to consider the ways of committing this

---

[30] The William J. Bauer Pattern Criminal Jury Instructions for the Seventh Circuit, 5.06 (2022 updates).

offense in any particular order. If you find beyond a reasonable doubt that the defendant committed the offense of obstruction of an official proceeding in any of these three ways, you should find the defendant guilty of Count Two and you need not consider whether the defendant committed the offense of obstruction of an official proceeding in the other ways.

**Proposed Instruction No. 25**

**TAMPERING WITH DOCUMENTS OR PROCEEDINGS**[31]

**18 U.S.C. § 1512(c)(1)**

Count Three of the indictment charges each defendant individually with corruptly altering, destroying, mutilating or concealing a record, document, and other object, and attempting to do so with the intent to impair its integrity and availability for us in an official proceeding, which is a violation of the law.

> **Defendant Rodriguez Objection:** Defense maintains its objection as to "other object," as both unnecessary and confusing. Additionally, as with Count Two, the government's proposed instruction fails to make clear the necessary nexus requirement between the conduct and official proceeding.

### *Elements*

In order to find the defendants guilty of tampering with documents or proceedings, you must find that the United States proved each of the following three elements beyond a reasonable doubt:

1.    First, the defendants altered, destroyed, mutilated, or concealed, or attempted to alter, destroy, mutilate or conceal, a record, document or other object;

2.    Second, the defendants did so with the intent to impair the object's integrity or availability for use in an official proceeding; and

3.    Third, the defendants acted corruptly.

**Defendant Rodriguez Proposed Elements:** Defense proffers the following four elements for this Count:

---

[31] *See Pattern Jury Instructions for Federal Criminal Cases*, District of South Carolina, (2020 Online Edition).

1.     First, the defendants altered, destroyed, mutilated, or concealed, or attempted to alter, destroy, mutilate, or conceal, a record or document;
2.     Second, the defendants did so with the intent to impair the object's integrity or availability for use in an official proceeding;
3.     Third, the defendants acted knowingly[32]; and
4.     Fourth, the defendants acted corruptly.

*Terms and Definitions*

The term "official proceeding" includes a federal grand jury. If the official proceeding was not pending at the time of the offense, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. As used in Count Three, the term "official proceeding" means the grand jury's investigation into the role of Daniel Rodriguez, Edward Badalian, and others in the attack on the United States Capitol on January 6, 2021.[33]

To act "corruptly," the defendant must use unlawful means, act with a wrongful or unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.[34]

> **Defendant Rodriguez Proposal:** Defense proposes adding knowingly, as recommended above in Count Two. Defense proposes inserting the following sentence instead of the above: "The definitions of "knowingly" and "corruptly" that I explained in connection with Count Two apply here as well."

> **Defendant Rodriguez Proposal:** Defense proposes inserting the following paragraph regarding attempt:

---

[32] The mens rea for a 18 U.S.C. § 1512(c)(1) offense includes the requirement that the defendant act knowingly.  *See* The William J. Bauer Pattern Criminal Jury Instructions for the Seventh Circuit, 18 U.S.C. § 1512(c)(1); *United States v. Matthews*, 505 F.3d 698, 707–78 (7th Cir. 2007).

[33] *See United States v. Stewart Rhodes, et. al.*, 22-cr-15 (APM) (D.D.C. November 21, 2022), ECF No. 400 (definition of official proceeding).

[34] *See United States v. Riley Williams*, 21-cr-618 (ABJ) (D.D.C. November 16, 2022), ECF No. 122 (definition of corruptly).

"In connection with the first element, I told you that the United States had to prove that the defendant committed an act or that he "attempted" to do so. To attempt means that the defendant had the intent to do the act and took a substantial step towards completing it. It would not be enough to show merely that the defendant thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the state of thinking about the crime to actually intending to commit it. Nor would it be sufficient if the defendant simply made plans to commit the offense; the evidence must show that the defendant took clear steps to carry out his intent. If you find either that the defendant committed the act or attempted to commit it, the first element is satisfied."

This paragraph is proposed along with Count Four below, so the government does not object to its inclusion here.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.

While the defendant, to be guilty, must have acted with intent to obstruct the official proceeding, this need not have been his sole purpose. A defendant's unlawful intent to obstruct an official proceeding is not negated by the simultaneous presence of another purpose for his conduct. However, the fact that the defendant's mere presence may have had the unintended effect of obstructing or impeding a proceeding does not establish that the defendant acted with the intent to obstruct or impede that proceeding.

The United States must prove that the defendant knew or had notice of the official proceeding, and that he intended or knew that his actions were likely to affect the official proceeding. The United States has to prove that the official proceeding involved was a federal proceeding. The United States does not have to prove that the defendant knew it was a federal

proceeding. The United States does not have to prove that the defendant knew it was a federal proceeding or that the defendant knew he was breaking any particular criminal law.

**Proposed Instruction No. 26**

**OBSTRUCTION OF LAW ENFORCEMENT DURING A CIVIL DISORDER[35]**

**18 U.S.C. § 231(a)(3)**

Count Four of the Indictment charges Daniel Rodriguez with committing or attempting to commit an act to obstruct, impede, or interfere with Officer Michael Fanone, who was lawfully carrying out his official duties incident to and during a civil disorder, which is a violation of federal law.

> **Defendant Rodriguez Proposal:** Defense proposes adding the following clause after civil disorder: "which adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of a federally protected function, which is a violation of federal law."

*Elements*

In order to find the defendant guilty of this offense, you must find that the United States proved each of the following elements beyond a reasonable doubt:

1.  First, the defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with Officer Michael Fanone;

2.  Second, at the time of the defendant committed or attempted to commit the act, Officer Michael Fanone was engaged in the lawful performance of his official duties incident to and during a civil disorder; and

3.  Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

---

[35] *See United States v. Riley Williams*, 21-cr-618 (ABJ) (D.D.C. November 16, 2022), ECF No. 122 (January 6th civil disorder trial).

*Terms and Definitions*

A person acts "knowingly" if he realizes what he is doing and he is aware of the nature of his conduct, and he does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you must consider all of the evidence, including what the defendant did or said.

> **Defendant Rodriguez Objection:** Defense objects to the final sentence of the above paragraph, as repetitive of the prior instruction concerning "Direct and Circumstantial Evidence," government proposed instruction 11, Redbook 2.109, and "Proof of State of Mind," government proposed instruction, 32, Redbook, 3.101.

In connection with the first element, I told you that the United States had to prove that the defendant knowingly committed an act or that he "attempted" to do so. To attempt means that the defendant had the intent to do the act and took a substantial step towards completing it. It would not be enough to show merely that the defendant thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the state of thinking about the crime to actually intending to commit it. Nor would it be sufficient if the defendant simply made plans to commit the offense; the evidence must show that the defendant took clear steps to carry out his intent. If you find either that the defendant knowingly committed the act or attempted to commit it, the first element is satisfied.

> **Defendant Rodriguez Proposal:** Defense has proposed moving the above paragraph up for use in Count Three, and therefore proposes placing here: "The definition of "attempted" that I explained in connection with Count Three applies here as well." If the Court agrees to put this paragraph in Count Three, then the government does not object to this proposal.

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which causes an immediate danger of, or results in, damage or injury to the property of any other individual.

The term "law enforcement officer" means any officer or employee of the United States or the District of Columbia while engaged in the enforcement or prosecution of any criminal laws of the United States or the District of Columbia. For the U.S. Capitol Police and Metropolitan Police Department, on January 6 of 2021, the term "official duties" means policing the U.S. Capitol building and grounds, and enforcing federal law and D.C. law in those areas.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia.

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.

As I just explained, the third element requires the United States to prove that the law enforcement officer was engaged in the lawful performance of their official duties incident to and during the commission of a civil disorder, which in any way obstructs, delays, or adversely affects commerce or the movement of any article in commerce, or in any way obstructs, delays or adversely affects the conduct or performance of any federally protected function. The United States is not required to prove that the civil disorder had both of these effects, but you must each find that it has proved at least one effect beyond a reasonable doubt.

If you find the defendant not guilty of this offense, you will go on to Count Six on the verdict form. If the United States has established all three elements beyond a reasonable doubt and you find the defendant guilty of this offense, you will be asked to indicate on the verdict form: 1) whether the jury unanimously agrees that the United States has shown that the civil disorder obstructed, delayed, or adversely affected commerce; and 2) whether the jury unanimously agrees

45

that the United States has shown that the civil disorder obstructed, delayed or adversely affected the conduct of a federally protected function.

**Proposed Instruction No. 27**

**ASSAULTING A LAW ENFORCEMENT OFFICER WITH A DEADLY OR DANGEROUS WEAPON[36]**

**18 U.S.C. §§ 111(a)(1) and (b)**

**Defendant Rodriguez Proposal:** Throughout this instruction, defense proposes "deadly and dangerous weapon" as opposed to deadly or dangerous weapon.

Count Six of the indictment charges Daniel Rodriguez with forcibly assaulting, resisting, opposing, impeding, intimidating and interfering with, and inflicting bodily injury upon, an officer of the United States who was engaged in the performance of their official duties, that is Officer Michael Fanone, while using a deadly or dangerous weapon, and while making physical contact with the person or acting with the intent to commit another felony, which is a violation of federal law.

> **Defendant Badalian Objection**: Defense wants a note that defendant Badalian is not charged with Counts 6, 7 and 8. The government does not believe this is necessary, since it is noted in each Count that Daniel Rodriguez is the person charged.

<u>*Elements*</u>

In order to find the defendants guilty of this offense, you must find that the United States proved each of the following elements beyond a reasonable doubt:

1. First, the defendant assaulted, resisted, opposed impeded, intimidated, or interfered with Officer Michael Fanone, an officer from the Metropolitan Police Department;

2. Second, the defendant did such acts forcibly;

3. Third, the defendant did such acts voluntarily and intentionally;

---

[36] *See United States v. Thomas Webster*, 21-cr-208 (APM) (D.D.C. April 29, 2022) (January 6th assault with deadly or dangerous weapon case).

4. Fourth, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer Michael Fanone, a person assisting officers of the United States, who was then engaged in the performance of his official duties;

5. Fifth, that the defendant made physical contact with Officer Michael Fanone, a person assisting an officer of the United States, who was then engaged in the performance of his official duties, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offenses charged in Counts Two and Four; and

6. Sixth, in doing the foregoing acts, the defendant used a deadly or dangerous weapon.

**Defendant Rodriguez Proposal:** Defense proposes the following for the fourth, fifth, sixth and seventh element:

4. Fourth, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer Michael Fanone, an officer of the United States, who was then engaged in the performance of his official duties.

5. Fifth, that the defendant made physical contact with Officer Michael Fanone, an officer of the United States who was then engaged in the performance of his official duties, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offenses charged in Counts Two and Four.

6. Sixth, in doing the foregoing acts, the defendant used an electroshock weapon.

7. And seventh, that electroshock weapon was a deadly and dangerous weapon.

### _Terms and Definitions_

The defendant acted forcibly if he used force, attempted to use force, or threatened to use force against the officer. A threat to use force at some unspecified time in the future is not sufficient to establish that the defendant act forcibly.

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. A finding that one used force, or

attempted or threatened to use it, is not the same as a finding that he attempted or threatened to inflict injury.

In order to find that the defendant committed an assault, you must find beyond a reasonable doubt that the defendant acted forcibly and the defendant intended to inflict or intended to threaten injury.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary means.

You are instructed that Officer Michael Fanone was an officer of the Metropolitan Police Department and that it was part of the official duty of such officer to assist federal officers in protecting the U.S. Capitol complex on January 6, 2021. It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.

> **Defendant Rodriguez Proposal:** Defense proposes making the first sentence of the above paragraph into the following two sentences: "You are instructed that Officer Michael Fanone was an officer of the Metropolitan Police Department. The government must prove that it was part of the official duty of such officer to assist federal officers in protecting the U.S. Capitol complex on January 6, 2021."

An object is a deadly or dangerous weapon if it is capable of causing serious bodily injury or death to another person and the defendant used it in that manner. In determining whether the object is a deadly or dangerous weapon you may consider both physical capabilities of the object used and the manner in which the object is used.

**Defendant Rodriguez Objection:** Should the Court except the proposed edits to deadly and dangerous weapon, Mr. Rodriguez reserves the right to amend the deadly and dangerous weapon definition language here.

*Lesser Included Charge*

You should first consider whether Mr. Rodriguez is guilty of assaulting, resisting, opposing, intimidating or interfering with any person assisting officers of the United States who are engaged in the performance of their official duties, while using a deadly or dangerous weapon, and while making physical contact with the person or acting with the intent to commit another felony. If you find Mr. Rodriguez guilty, do not go on to the lesser-included charge. However, if after making all reasonable efforts to reach a verdict on the charge that includes using or carrying a deadly or dangerous weapon, you are not able to do so, you are allowed to consider the lesser included charge.

If you find Mr. Rodriguez not guilty, go on to consider the lesser-included charge of assaulting, resisting, opposing, impeding, intimidating, or interfering with another person assisting officers of the United States who are engaged in the performance of their duties, while making physical contact with the person or acting with the intent of committing another felony. The order in which you should consider these charges will be reflected on the verdict form that I will be giving you.

**Defendant Rodriguez Proposal:** The defense proposes the following first sentence of the above paragraph: "The lesser-included charge requires the government to prove Mr. Rodriguez assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer of the United States who is engaged in the performance of his duties, while making physical contact with the person or acting with the intent of committing another felony."

These elements will sound very familiar, but will not include the sixth element. In order to find the defendants guilty of this offense, you must find that the United States proved each of the following elements beyond a reasonable doubt:

1. First, the defendant assaulted, resisted, opposed impeded, intimidated, or interfered with Officer Michael Fanone, an officer from the Metropolitan Police Department.

2. Second, the defendant did such acts forcibly.

3. Third, the defendant did such acts voluntarily and intentionally.

4. Fourth, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer Michael Fanone, who assisting officers of the United States, who were then engaged in the performance of their official duties.

5. Fifth, that the defendant made physical contact with a person who was assisting officers of the United States who were then engaged in the performance of their official duties, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offenses charged in Counts Two and Four.

**Defendant Rodriguez Proposal:** Defense proposes the following for elements four and five:

4. Fourth, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer of the United States, who was then engaged in the performance of his official duties.

5. Fifth, that the defendant made physical contact with a person who was an officer of the United States who was then engaged in the performance of his official duties, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offenses charged in Counts Two and Four.

**Proposed Instruction No. 28**

**THEFT OF GOVERNMENT PROPERTY**[37]

**18 U.S.C. § 641**

Count Seven of the Indictment charges Daniel Rodriguez with theft of government property, which is a violation of federal law.

*Elements*

In order to find the defendant guilty of this offense, you must find that the United States proved each of the following three elements beyond a reasonable doubt:

1. First, the defendant voluntarily, intentionally, and knowingly stole a thing of value, an emergency escape hood;

2. Second, the emergency escape hood belonged to the United States or any of its departments or agencies; and

3. Third, the defendant did so with intent to deprive the United States government of the use or benefit of the property.[38]

*Terms and Definitions*

**Defendant Rodriguez Proposal:** Defense proposes including as the first term: "The definitions of "voluntarily," knowingly," and "intentionally" that I explained in connection with Count One apply here as well."

The word "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

A "thing of value" can be tangible or intangible property.

---

[37] *See Eighth Circuit Model Jury Instructions*, 2021 Edition.

[38] Instruction taken from *United States v. Riley Williams*, 21-cr-618 (ABJ) (D.D.C. November 16, 2022), ECF No. 122, at 34.

It is not necessary to prove that the defendant knew that the government owned the property at the time of the wrongful taking, so long as it is established beyond a reasonable doubt that the government did in fact own the property involved, and that the defendant knowingly and willfully stole it.

> **Defendant Rodriguez Proposal:** Defense proposes the following as the final paragraph: "It is not necessary to prove that the defendant knew that the government owned the property at the time of the wrongful taking. But the United States must prove beyond a reasonable doubt that the government did in fact own the property involved, and that the defendant knowingly and willfully stole it. The United States must also prove beyond a reasonable doubt that the defendant knew that the thing of value was not his."[39]

---

[39] The government's instruction is incomplete as to the mens rea for this offense. Theft under § 641 requires that the defendant know that the property belongs to another.  *See United States v. Hurt*, 527 F.3d 1347, 1350–52 (D.C. Cir. 2008).

**Proposed Instruction No. 29**

**DESTRUCTION OF GOVERNMENT PROPERTY[40]**

18 U.S.C. § 1361

Count Eight of the Indictment charges Daniel Rodriguez with injuring, damaging or destroying property of the United States, which is a violation of federal law.

*Elements*

In order to find a defendant guilty of injuring, damaging, or destroying property of the United States, you must find that the United States proved each of the following four elements beyond a reasonable doubt:

1. First, that the defendant injured, damaged, or destroyed property;

2. Second, that the defendant did so willfully;

3. Third, that the property involved was property of the United States, or of any department or agency thereof; and

4. Fourth, the damage or attempted damage to the property in question exceeded the sum of $1,000.

*Terms and Definitions*

A defendant acts "willfully" if the defendant acted with a bad purpose or knowledge that the defendant's conduct was unlawful. While the United States must show that a defendant knew that the conduct was unlawful, the United States does not need to prove that the defendant was aware of the specific law that the defendant's conduct violated.

---

[40] *See United States v. Stewart Rhodes, et al.*, 22-cr-15 (APM) (D.D.C. November 21, 2022), ECF No. 400.

**Defendant Rodriguez Proposal:** Defense proposes the following paragraph instead of the above paragraph:  "A defendant acts "willfully" if he acts intentionally and purposefully, and with knowledge that his conduct was unlawful.[41] The defendant does not need to be aware of the specific law that his conduct may be violating."

The United States also does not need to prove that the defendant knew that the property belonged to the United States.

**Defendant Rodriguez Proposal:** Defense proposes the following paragraph instead of the above paragraph: "The United States must prove that the United States government had ownership or legal possession of the property at the time of the damage. The United States must also prove that the defendant knew that the property belonged to the United States." [42]

You must decide whether the United States proved that the value of the property damaged was $1,000 or more. Value means fair market value at the time when and the place where the property was allegedly damaged or destroyed. The fair market value of the damaged or destroyed property is measured by the cost of repairing or the cost of replacing the property, whichever is less. Do not speculate or guess at the value of the property. Base your determination only on the evidence.

---

[41] Willfulness, in the context of § 1361, requires purposeful, intentional conduct undertaken with knowledge of its unlawfulness. *See United States v. Derington*, 229 F.3d 1243, 1248 (9th Cir. 2000) (citing *Bryan v. United States*, 524 U.S. 184, 192 (1998)).

[42] *See United States v. Bangert*, 645 F.2d 1297, 1304–05 (8th Cir. 1981).

**Proposed Instruction No. 30**

**ENTERING OR REMAINING IN A RESTRICTED BUILDING[43]**

**18 U.S.C. § 1752(a)(1) and (b)(1)(A)**

**Defendant Rodriguez Proposal:** Throughout this instruction, defense proposes "deadly and dangerous weapon" as opposed to deadly or dangerous weapon.

Count Ten of the Indictment charges each defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law, Count Ten additionally charges Defendant Daniel Rodriguez with doing so while carrying a deadly or dangerous weapon.

**Defendant Badalian Objections:** Defense objects to the phrase "which is a violation of federal law."

*Elements*

In order to find the defendants guilty of this offense, you must find that the United States proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

2. Second, that the defendants did so knowingly.

3. Third, with respect to Mr. Rodriguez, the defendant used or carried a deadly or dangerous weapon during and in relation to the offense.

**Defendant Rodriguez Proposal:** Defense proposes the following third and fourth element:
3. Third, with respect to Mr. Rodriguez, the defendant used and carried an electroshock weapon and a flagpole during and in relation to the offense.
4. Fourth, the electroshock weapon and flagpole were deadly and dangerous weapons.

*Terms and Definitions*

---

[43] *See* 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021).

The term "restricted building" means any posted, cordoned off, or otherwise restricted area of a building where a person protected by the Secret Service is or will be temporarily visiting.

**Defendant Rodriguez Proposal:** Defense proposes the word "includes" instead of "means" in the above sentence.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "deadly or dangerous weapon" has the same meaning as described in the instructions for Count Four.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant knowingly entered or remained in a restricted building, you may consider all of the evidence, including what the defendant did or said.[44]

**Defendant Rodriguez Proposal:** Defense proposes the following instead of the above paragraph: "The definition of "knowingly" that I explained in connection with Count Two applies here as well."

A person who enters or remains a restricted building or grounds with a good faith belief that he is entering or remaining with lawful authority is not guilty of this offense. Thus, you cannot find any defendant guilty of Count Ten unless you are convinced beyond a reasonable doubt that he did not have a good faith belief of his lawful authority to enter or remain in the restricted building or grounds.

*Lesser Included Charge*

---

[44]    *See* Seventh Circuit Pattern Criminal Jury Instructions; *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005).

You should first consider whether Mr. Rodriguez is guilty of entering and remaining in a restricted building or grounds with a deadly or dangerous weapon. If you find Mr. Rodriguez guilty, do not go on to the lesser-included charge. However, if after making all reasonable efforts to reach a verdict on the charge that includes a deadly or dangerous weapon, you are not able to do so, you are allowed to consider the lesser included charge. If you find Mr. Rodriguez not guilty, go on to consider the lesser-included charge of entering and remaining in a restricted building or grounds. The order in which you should consider these charges will be reflected on the verdict form that I will be giving you.

> **Defendant Rodriguez Proposal:** The defense proposes the following for the fourth and fifth sentences of the above paragraph: If you find Mr. Rodriguez not guilty, you are allowed to consider the lesser-included charge. The lesser-included charge requires the government to prove Mr. Rodriguez knowingly entered or remained in a restricted building or grounds without lawful authority to do so.

The elements will sound very familiar, but will not include the third element specific to Mr. Rodriguez. To find Mr. Rodriguez guilty of this lesser-included offense, you must find that the United States proved each of the following two elements beyond a reasonable doubt:

1. First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

2. Second, that the defendant did so knowingly.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :   No.: 21-cr-246 (ABJ) |
| | : |
| DANIEL RODRIGUEZ (1), | : |
| EDWARD BADALIAN (2) | : |
| | : |
| Defendants. | : |
| | : |

## <u>GOVERNMENT'S WITNESS LIST</u>

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits that some or all of the following individuals may be called by the United States to testify, during this trial:





*Indicates overview witness subject to change.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 21-cr-246 (ABJ) |
| | : | |
| DANIEL RODRIGUEZ (1), | : | |
| EDWARD BADALIAN (2) | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S EXPERT WITNESSES**

The government refers the Court to Government's Notice of Expert Testimony, filed on December 15, 2022 at ECF No. 135.

61

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 21-cr-246 (ABJ) |
| | : | |
| DANIEL RODRIGUEZ (1), | : | |
| EDWARD BADALIAN (2) | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANT RODRIGUEZ'S LIST OF WITNESSES**

██████████████████

████████

██████████

██████████

**DEFENDANT RODRIGUEZ'S LIST OF EXHIBITS**

Defendant Rodriguez exhibit list[46]

    1.  Expert Report by Dr. Mark Kroll

---

[45] Defendant Rodriguez reserves the right to supplement this list upon receipt of the other parties' witness lists.

[46] Defendant Rodriguez reserves the right to supplement this list upon receipt of the other parties' exhibit lists.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|                              |     |                      |
| ---------------------------- | --- | -------------------- |
| UNITED STATES OF AMERICA     | :   |                      |
|                              | :   |                      |
| v.                           | :   | No.: 21-cr-246 (ABJ) |
|                              | :   |                      |
| DANIEL RODRIGUEZ (1),        | :   |                      |
| EDWARD BADALIAN (2)          | :   |                      |
|                              | :   |                      |
| Defendants.                  | :   |                      |
|                              | :   |                      |

## DEFENDANT RODRIGUEZ'S EXPERT WITNESSES LIST

Defendant Daniel Rodriguez plans to call Mark Kroll. Mark Kroll a Biomedical scientist with a primary specialty in bioelectricity or the interaction of electricity and the body. Mark Kroll holds a B.S. degree in Mathematics and a M.S. degree and a Ph.D. degree in Electrical Engineering from the University of Minnesota and a M.B.A. degree from the University of St. Thomas. Mark Kroll has invested most of his career researching and developing electrical devices to diagnose and treat disease. The primary focus is the effect of electrical shocks on the human body.

Mr. Kroll will opine that the device allegedly used in the incident involving Mark Fanone was not a stun gun, nor was the device an electroshock weapon. According to Mr. Kroll, the device is best described as a "sparkler flashlight" since its effects are primarily auditory and visual and there is no stunning. It is Mr. Kroll's opinion to a reasonable degree of scientific certainty, that the device could not be used in a manner likely to produce death. It is also Mr.

Kroll's opinion to a reasonable degree of scientific certainty that the device cannot be used in a manner likely to produce serious bodily injury because it cannot cause injury that involves a substantial risk of death, extreme physical pain, protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty.

Mr. Kroll will further opine that the device did not cause any of the markings on the neck of Mr. Fanone.  In Mr. Kroll's opinion, Mr. Fanone was never weakened by the device, and Mr. Fanone was never immobilized by the device. Finally, it is Mr. Kroll's opinion that the device did not cause Mr. Fanone to lose consciousness and the loud arcing sound from the device most likely caused Mr. Fanone to imagine far greater pain than was actually present.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 21-cr-246 (ABJ) |
| | : | |
| DANIEL RODRIGUEZ (1), | : | |
| EDWARD BADALIAN (2) | : | |
| | : | |
| Defendants. | : | |
| | : | |

## DEFENDANT BADALIAN'S WITNESS LIST

███████████

████████

███████

█████

██████

███████

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 21-cr-246 (ABJ) |
| | : | |
| DANIEL RODRIGUEZ (1), | : | |
| EDWARD BADALIAN (2) | : | |
| | : | |
| Defendants. | : | |
| | : | |

## STIPULATIONS OF THE PARTIES

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia and the defendant Edward Badalian, with the concurrence of his attorneys, agree and stipulate to the following:

### *Chain of Custody: Edward Badalian*

As part of this case, the FBI executed an arrest warrant and search warrant with respect to Defendant Edward Badalian. The United States and Defendant Edward Badalian agree and stipulate to the following:

1.  The FBI lawfully seized:

    a.  Government's Exhibit 802, blue taser with serial 535952;

    b.  Government's Exhibit 803, one mace pepper gel, one sabre and one triple action mace;

    c.  Government's Exhibit 804, bear spray;

    d.  Government's Exhibit 805, gas mask;

    e.  Government's Exhibit 806, ski goggles;

    f.  Government's Exhibit 807, Cobra Micro talk radios

    g.  Government's Exhibit 808, a Rize paintball gun, and

    h.  Government's Exhibit 603, a Samsung Galaxy cellphone with model number AL08, serial number RF8MCIDYN3A and IMEI 357855105457200

    in the course of the search in this case on March 31, 2021.

2.  FBI maintained proper chain of custody for Government's Exhibits 603, 802 through 808.

3.  Government's Exhibits 603, 802 through 808 are the items seized by the FBI, and are in the same or substantially same condition as the date of their seizure.

***Edward Badalian Identification***

      The below photographs are fair and accurate depictions of Edward Badalian on January 6, 2021.   Government's Exhibit 504 is a fair and accurate depiction of Edward Badalian as  he appeared in Washington, D.C. on or about January 6, 2021.



Respectfully submitted,

FOR DEFENDANT BADALIAN       FOR THE UNITED STATES
                                                     MATTHEW M. GRAVES
                                                   United States Attorney
                                                   D.C. Bar No. 481052

_____   By:   _____

                                                   KIMBERLY L. PASCHALL
                                                   ANTHONY W. MARIANO
                                                   Assistant United States Attorneys
                                                   Capitol Siege Section
                                                   D.C. Bar No. 1015665
                                                   M.A. Bar No. 688559
                                                   601 D Street, N.W.,
                                                   Washington, D.C. 20530
                                                   202-252-2650
                                                   Kimberly.Paschall@usdoj.gov
                                                   202-476-0319
                                                   Anthony.Mariano2@usdoj.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :     No.: 21-cr-246 (ABJ) |
| | : |
| DANIEL RODRIGUEZ (1), | : |
| EDWARD BADALIAN (2) | : |
| | : |
| Defendants. | : |
| | : |

## PROPOSED VERDICT FORM

**Defendant Rodriguez Proposal:** For each count, the defense requests that "not guilty" appear ahead of "guilty."

We, the jury in the above-titled case, find the defendants:

**Count One**: Conspiracy, in violation of 18 U.S.C. § 371

     **A.  Verdict as to each defendant:**

          **1.  *Daniel Joseph Rodriguez***

            _____ Guilty       _____ Not Guilty

              **a.  If you find the defendant guilty of Count One, which object(s) do you unanimously find the defendant conspired to achieve:**

                 _____ To stop, delay, or hinder Congress's Certification of the Electoral College vote

                 _____ To corruptly alter, destroy, mutilate, and conceal a record, document or other object to prevent evidence of their unlawful acts on January 6, 2021 from being used in an official proceeding

          **2.  *Edward Badalian***

            _____ Guilty       _____ Not Guilty

70

      **a.** If you find the defendant guilty of Count One, which object(s) do you unanimously find the defendant conspired to achieve:

        \_\_\_\_\_ To stop, delay, or hinder Congress's Certification of the Electoral College vote

        \_\_\_\_\_ To corruptly alter, destroy, mutilate, and conceal a record, document or other object to prevent evidence of their unlawful acts on January 6, 2021 from being used in an official proceeding

**Count Two**:  **Obstruction of an Official Proceeding, Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2), 2**

    **A.**     **Verdict as to each defendant:**

        **1.**  *Daniel Joseph Rodriguez*

        \_\_\_\_\_ Guilty      \_\_\_\_\_ Not Guilty

        **2.**  *Edward Badalian*

        \_\_\_\_\_ Guilty      \_\_\_\_\_ Not Guilty

**Count Three**: **Tampering with Documents or Proceedings, in violation of 18 U.S.C. § 1512(c)(1)**

    **A.**     **Verdict as to each defendant:**

        **1.**  *Daniel Joseph Rodriguez*

        \_\_\_\_\_ Guilty      \_\_\_\_\_ Not Guilty

        **2.**  *Edward Badalian*

        \_\_\_\_\_ Guilty      \_\_\_\_\_ Not Guilty

**Count Four**:  **Obstruction of Law Enforcement During a Civil Disorder, in violation of 18 U.S.C. § 231(a)(3)**

    **A.**     **Verdict as to each defendant:**

        **1.**  *Daniel Joseph Rodriguez*

        \_\_\_\_\_ Guilty      \_\_\_\_\_ Not Guilty

     **a.  If you find the defendant guilty of Count Four, which affect(s) do you unanimously find the government has shown:**

          \_\_\_\_\_ That the civil disorder obstructed, delayed, or adversely affected commerce.

          \_\_\_\_\_ That the civil disorder obstructed, delayed, or adversely affected the conduct of a federally protected function.

**Count Six:  Inflicting Bodily Injury on Certain Officers Using a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 111(a)(1) and (b)**

    **A.  Verdict as to each defendant:**

       **1.  *Daniel Joseph Rodriguez***

       \_\_\_\_\_ Guilty       \_\_\_\_ Not Guilty

       **a.  If you have marked Guilty as to Count Six, proceed to section b. If not, you must consider the lesser included offense of Assaulting, Resisting or Impeding Certain Officers in violation of 18 U.S.C. § 111(a)(1).**

       \_\_\_\_\_ Guilty       \_\_\_\_ Not Guilty

       **b.  If you find the defendant guilty of Count Six, or the lesser-included count, do you unanimously find that the government has shown that:**

          _____ The defendant acted with the intent to commit Count 2.

          _____ The defendant acted with the intent to commit Count 4.

          _____ The United States has proven neither that the defendant acted with the intent to commit Count 2 nor Count 4.

**Count Seven:  Theft of Government Property, in violation of 18 U.S.C. § 641**

    **A.  Verdict as to each defendant:**

       **1.  *Daniel Joseph Rodriguez***

       \_\_\_\_\_ Guilty       \_\_\_\_ Not Guilty

**Count Eight**:  **Destruction of Government Property, in violation of 18 U.S.C. § 1361**

      A.      **Verdict as to each defendant:**

            1.  *Daniel Joseph Rodriguez*

               \_\_\_\_\_ Guilty        \_\_\_\_ Not Guilty

**Count Ten**:  **Entering and Remaining Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1)**

      A.      **Verdict as to each defendant:**

            1.  *Daniel Joseph Rodriguez*

               \_\_\_\_\_ Guilty        \_\_\_\_ Not Guilty

              a.  **If you have marked Guilty as to Count Ten for Defendant Rodriguez, you must consider the whether the defendant committed the offense with a Deadly or Dangerous Weapon in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A).**

               \_\_\_\_\_ Guilty        \_\_\_\_ Not Guilty

            2.  *Edward Badalian*

               \_\_\_\_\_ Guilty        \_\_\_\_ Not Guilty

Dated: _____

                                  _____
                                  Signature of Foreperson