United States District Court
District of Columbia

| | |
|---|---|
| United States of America,<br><br>       Plaintiff,<br><br>v.<br><br>Daniel Rodriguez,<br><br>       Defendant. | Case No. 1:21-cr-00246-ABJ-1 |

**RESPONSE TO UNITED STATE'S OMNIBUS MOTION IN LIMINE (ECF NO. 134)**

## I.  Introduction

"Motions in limine should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial."[1] Here, the government has raised a number of motions in limine to preclude evidence that are premature,

---

[1] *Biorriginal Food & Science Corp. v. Biotab Nutraceuticals, Inc.*, 2015 WL 10733384 *3 (C.D. Cal. Aug. 24, 2015); *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("Orders in limine which exclude broad categories of evidence should rarely be employed.  A better practice is to deal with questions of admissibility of evidence as they arise."); *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013) ("Evidentiary rulings, especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context.").

overbroad, or unsupported. As detailed below, Mr. Rodriguez respectfully requests this Court deny those motions.[2]

## II. Motion in Limine to Admit Certain Categories of Multimedia

In accordance with this Court's Scheduling Order and Minute Order issued on February 1, 2023, Mr. Rodriguez has included his authentication objections to the government's exhibit list, which will be filed on Monday, February 6, 2023.

## III. Motion in Limine to Admit Certain Statutes and Records

The government requests the Court take judicial notice of, and admit into evidence, copies of Article II, Section 1 of the Constitution, the twelfth Amendment, 3 U.S.C. §§ 15-18 relating to the Electoral College Certification Official Proceedings, and the memorialization in the Congressional Record of the Congressional proceedings on January 6, 2021.[3] Mr. Rodriguez does not object to the Court taking judicial notice of the Federal Electoral College Certification law or the Congressional Record memorializing Congressional proceedings on January 6, 2021.

## IV. Motion in Limine to Limit Unnecessary Discussion of Security-Related Topics

The government seeks an order limiting cross-examination on Secret Service protocols and "limiting the defense from probing, during cross-examination, the

---

[2] As addressed below, Mr. Rodriguez does not object to the government's Motion in Limine to Admit Certain Statutes and Records.

[3] ECF No. 134 at 8-9.

2

exact locations of U.S. Capitol Police surveillance cameras or from using the maps, which show each camera's physical location, as an exhibit at trial."[4]

As to Secret Service protocols, at this time, Mr. Rodriguez does not intend to question witnesses or present evidence about Secret Service Protocols. As to the location of surveillance cameras, Mr. Rodriguez does not intend to admit, as an exhibit, the map showing every camera's physical location. However, the remaining part of the government's request to preclude, as it relates to surveillance cameras, is overbroad and premature.

While questioning or seeking to admit evidence that discloses the location of *every* Capitol Police surveillance camera may have a low probative value when weighed against national security interests, the location of a particular camera, or cameras in a specific location of the capitol grounds, may be directly relevant to the reliability of the footage the government is attempting to present. The relevance will depend on the nature of the government's questions and the testimony it seeks to elicit during trial regarding any surveillance camera footage. Any cross-examination questions would be narrow and specific to the particular camera in question.

Accordingly, this motion in limine is premature, and Mr. Rodriguez respectfully reserves the right to cross-examine on the location of a specific security camera, should it become relevant at trial. If there is a need to cross-

---

[4] *Id.* at 11.

examine, Mr. Rodriguez does not object to the government's request to have the Court conduct an in-camera hearing to resolve the issue.

## V. Motion in Limine to Preclude Defendants' Introduction of Their Own Out-of-Court Statements as Inadmissible Hearsay

The government seeks an order excluding Mr. Rodriguez's statements as inadmissible hearsay.[5] In accordance with this Court's Scheduling Order, Mr. Rodriguez will be submitting portions of his statements that should be admitted pursuant to Federal Rule of Evidence 106's rule of completeness. There are multiple portions of Mr. Rodriguez's statements that need to be admitted to help explain and put into context the government's proffered statements, to avoid misleading the jury, and to ensure a fair and impartial understanding of Mr. Rodriguez's statements. *See United States v. Castro*, 813 F.2d 571, 575–76 (2d Cir. 1987) (noting that adverse party can demand that an omitted portion "be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion").

## VI. Motion in Limine to Preclude Improper Defense Arguments

The government seeks to preclude Mr. Rodriguez from raising certain defense arguments, including defenses based on (1) the first amendment; (2) charging decisions and selective prosecution; (3) entrapment or public authority; (4) jury

---

[5] *Id.* at 15-17.

nullification; and (5) self-defense or defense of others.[6] Mr. Rodriguez does not intend to pursue a defense based on the government's charging decisions or a selective prosecution claim. Similarly, Mr. Rodriguez does not intend to make any arguments or introduce any evidence related to the government's identified topics for the purpose of encouraging jury nullification.

As discussed below, however, Mr. Rodriguez objects to the government's broad request to preclude any defenses based on the First Amendment, entrapment or public authority, and self-defense or defense of others. Mr. Rodrigues has a constitutional right to present a complete defense under the Fifth Amendment right to due process and Sixth Amendment right to a fair trial. *See e.g., Chambers v. Mississippi*, 410 U.S. 284, 302 (1973); *Crane v. Kentucky*, 476 U.S. 683 (1986); *California v. Trombetta*, 467 U.S. 479, 485 (1984).

### A.    First Amendment

The government seeks to preclude Mr. Rodriguez from eliciting evidence or arguing to the jury that his statements and actions were protected by the First Amendment.[7] The government argues that if it "establishes the elements of any offense with which defendants are charged, the First Amendment provides them no defense . . . ."[8] But the government must first establish every element of the charged crime beyond a reasonable doubt, including the element of intent. While

---

[6] *Id* at 17-32.
[7] *Id.* at 17-19.
[8] *Id.* at 19.

the First Amendment may not be a complete defense if all the elements of the offense have in fact been proven, this Court cannot preclude Mr. Rodriguez from arguing to the jury that statements made by Mr. Rodriguez did not establish an element of the offense—particularly as it pertains to the government's requirement to prove the requisite intent.

Mr. Rodriguez must be permitted to argue to the jury that his statements do not support a conclusion that he actually intended to, for example, obstruct or impede an official proceeding, but rather that they were an expression made as part of his freedom to exercise his First Amendment right to free speech. *See, e.g.*, *United States v. White*, 610 F.3d 956, 962 (7th Cir. 2010) (noting the difference between a First Amendment defense to a charge and raising a First Amendment argument to undermine the element of intent). Thus, to the extent the government's motion precludes Mr. Rodriguez from making any First Amendment argument as part of his defense to negate an element of the offense, the motion must be denied.

B. **Entrapment by estoppel or public authority defenses**

The government seeks to preclude Mr. Rodriguez from raising a public authority or entrapment by estoppel defense.[9] Contrary to the government's claim, Mr. Rodriguez can make the requisite showing to present both affirmative defenses. In the defense of public authority, the defendant committed a criminal act, but did

---

[9] *Id.* at 22-27.

so in reasonable reliance upon a grant of authority from a government official. Entrapment by estoppel occurs when a government official commits an error and, in reliance thereon, the defendant violates the law.

> The difference between the entrapment by estoppel defense and the public authority defense is not great.  In the first, a government official commits an error and the defendant relies on it and thereby violates the law . . . .  In the second, a government official makes some statement or performs some act and the defendant relies on it, possibly mistakenly, and commits an offense in s doing.

*United States v. Burrows*, 36 F.3d 875, 882 (9th Cir. 1994) (internal citations omitted).

Here, Mr. Rodriguez will be able to make the requisite showing based on former President Trump's speech on January 6, 2021—which included comments like, "We fight like hell. And if you don't fight like hell, you're not going to have a country anymore."  As the leader of this country at that time, former President Trump told individuals that the election had been stolen and that, if they did not fight, they would lose their country.  He relayed this message to individuals while telling them all that they were going to march to the Capitol.

For purposes of a public authority defense, former President's Trump claim that the election was stolen was an error, and his subsequent instruction to march and fight at the Capitol—implicitly instructing people to stop the election certification—was a sanction of an unlawful act.  As this order came directly from the President of the United States to his supporters, it was reasonable for Mr. Rodriguez to follow instructions and do as the President ordered.

7

In addition to the public authority defense, Mr. Rodriguez, under the same facts, can make the requisite showing for an entrapment by estoppel defense. The defense of entrapment by estoppel is not "limited to the circumstance of actual authorization." *United States v. Abcasis*, 45 F.3d 39, 44 (2d Cir. 1995). "It focuses on the *conduct of the government* leading the defendant to believe reasonably that he was authorized to do the act forbidden by law." It is a doctrine that "depends on the unfairness of prosecuting one who has been led by the conduct of government agents to believe his acts were authorized." *Id.* While the government cites to the order in *United States v Chrestman*, 525 F. Supp. 3d 13, 32-33 (D.D.C. 2021) to argue that an entrapment by estoppel defense cannot apply to former President Trump's actions and directives on January 6, 2021, this order is not binding precedent.

Based on former President's Trump's instructions in his January 6, 2021, speech, Mr. Rodriguez will be able to make the requisite showing to present a public authority and entrapment by estoppel defense. To the extent evidence is elicited at trial that shows Mr. Rodriguez's actions were also encouraged by U.S Capitol Police, other law enforcement, or agents of the government, he respectfully reserves the right to also raise a public authority or entrapment by estoppel defense as to those individuals. Accordingly, Mr. Rodriguez respectfully requests, this Court deny the government's motion to preclude his public authority and entrapment by estoppel defense.

### C.     Unsupported claims of self-defense or defense of others

The government seeks to preclude Mr. Rodriguez from pursuing unsupported claims of self-defense or defense of others because Mr. Rodriguez "will not be able to put forth any evidence that [he] had a reasonable belief that [his] actions were necessary to defend [himself] or others against the immediate use of force."[10]  Mr. Rodriguez respectfully reserves the right to present a self-defense or defense of others defense.

Until trial begins, Mr. Rodriguez does not know what testimony will be elicited from Officer Fanone and, further, whether Mr. Rodriguez, himself, will testify.[11]  If Mr. Rodriguez is precluded from putting on a self-defense/defense of others defense before trial begins and he has the opportunity to see the government's case in chief, it will render his testimony irrelevant.  By extension, precluding this defense before Mr. Rodriguez has the opportunity to see the government's case in chief will infringe on his right to freely decide whether to testify at trial.  This is because, without the opportunity to present this defense, there is no reason for Mr. Rodriguez to testify.  Accordingly, Mr. Rodriguez respectfully requests the opportunity to reserve the right to present a self-

---

[10] *Id.* at 31-32.

[11] Because Mr. Rodriguez does not yet know if he will testify, the defense has not submitted a self-defense/defense of others jury instruction.

9

defense/defense of others defense until after the government presents its case in chief so that he may fairy decide whether to exercise his right to testify at trial.

## VII. Conclusion

For the foregoing reasons, Mr. Rodriguez requests this Court deny the government's motions in limine.[12]

**Dated:** February 3, 2023

Respectfully submitted,

RENE L. VALLADARES
Federal Public Defender

By: */s/Rebecca A. Levy*
*/s/Margaret W. Lambrose*
*/s/Katherine Tanaka*
REBECCA A. LEVY
MARGARET W. LAMBROSE
KATHERINE TANAKA
Assistant Federal Public Defenders

Attorneys for Daniel Rodriguez

---

[12] As addressed above, Mr. Rodriguez does not object to the government's Motion in Limine to Admit Certain Statutes and Records.

**Certificate of Electronic Service**

The undersigned hereby certifies that she is an employee of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on February 3, 2023, she served an electronic copy of the above and foregoing **RESPONSE TO THE UNITED STATE'S OMNIBUS MOTION IN LIMINE (ECF NO. 134)** by electronic service (ECF) to the person named below:

CHANNING D. PHILLIPS
United States Attorney
Kimberly L. Paschall
Assistant United States Attorneys
555 4th Street, NW
Washington, DC 20530

*/s/ Cecilia Valencia*
Employee of the Federal Public Defender