UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANIEL RODRIGUEZ,<br><br>Defendant. | Case No. 21-CR-246-1 (ABJ) |

**RESPONSE TO COURT ORDER OF JUNE 18, 2023**
**REGARDING SENTENCING GUIDELINES CALCULATIONS**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully responds to the Court's Minute Order of June 18, 2023. The Court asked for the government to address: 1) how it calculated the offense level for Count Three, the substantive count of Tampering with Evidence under 18 U.S.C. 1512(c)(1), and 2) how it arrived at the offense level for Group Two, which consists of Counts One and Three.

**1.  Calculation of Offense Level for Count Three, 18 U.S.C. 1512(c)(1)**

As to the first, pursuant to Appendix A of the Sentencing Guidelines, the base offense level for Count Three is governed by U.S.S.G. §2J1.2(a), which provides for a base offense level of 14 points. The government then applied the cross reference, as noted in U.S.S.G. §2J1.2(c)(1), which states "[i]f the offense involved obstructing the investigation or prosecution of a criminal offense, apply §2X3.1 (Accessory After the Fact) in respect to that criminal offense, if the resulting offense level is greater than that determined above." This cross-reference applies to Count Three because it involved obstructing the investigation into Count Two, Obstructing of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2). As noted in the Statement of Offense, Rodriguez's actions

1

in Count Three were taken "to facilitate the destruction of Person One's evidence so that it could not be used in an investigation into the events at the United States Capitol on January 6, 2021." ECF No. 160, at 6, ¶ 19. Moreover, the videos at the heart of Count Three are those taken by defendant Gina Bisignano, capturing the riot and particularly the actions of those present in the Lower West Terrace tunnel. Bisignano did not capture on film the assault that makes up Count Six, but did capture other video of Rodriguez in the Lower West Terrace tunnel, attempting to break into the building, and screaming "yeah we are doing it, we are fucking doing it!" which is probative of his guilt on Count Two. *See* Government Sentencing Exhibit 4.

Under U.S.S.G. §2X3.1(a)(1) states the base offense level should be "6 levels lower than the offense level for the underlying offense, except as provided in subdivisions (2) and (3)," neither of which apply here. As discussed above, the "underlying offense" for this purpose is Count Two, the Obstruction of an Official Proceeding, in violation 18 U.S.C. §§ 1512(c)(2), 2. Therefore, the government started with the adjusted offense level from Count Two, which is 29, and subtracted 6 as U.S.S.G. 2X3.1(a)(1) instructs, resulting in an offense level of 23.

An offense level of 23 is greater than that which would be determined by starting with a base offense level of 14 and adding any applicable specific offense characteristics under §2J1.2(b). As U.S. Probation determined, before applying the cross-reference of §2J1.2(c), the offense level for Count Three would be 21: starting from a base offense level of 14, +3 for substantial interference under U.S.S.G. § 2J1.2(b)(2), +2 extensive in scope under U.S.S.G. § 2J1.2(b)(3)(C), and +2 for organizer or leader under U.S.S.G. § 3B1.1(c). ECF No. 180, ¶ 71-74. As U.S.S.G. §2J1.2(c)(1) instructs, because the offense level generated by subtracting six levels from the offense level for Count Two is higher, that higher offense level is applied. *See also*, *United States*

*v. Elmer Stewart Rhodes, et. al.*, 22-cr-015 (APM), ECF No. 565 at 82-83, (seeking the same cross reference to 2X3.1 for Stewart Rhodes and Kelly Meggs on convictions of 18 U.S.C. 1512(c)(1)).

**2. Combined Offense Level for Group Two Counts.**

In determining the offense level for the combined counts in Group Two, the government first looked to how to group a conspiracy count when that conspiracy has two objects, as is the case here. Per U.S.S.G. § 3D1.2, Application Note 8, when a defendant is convicted of conspiring to commit several substantive offenses, and also of committing one or more substantive offenses, the parties must treat the conspiracy count as if it were several counts, each charging conspiracy to commit one of the substantive offenses. The application note then directs to U.S.S.G. § 1B1.2(d) and accompanying commentary. Pursuant to USSG § 1B1.2(d), a conviction on a count charging a conspiracy to commit more than one offense shall be treated as if the defendant had been convicted on a separate count of conspiracy to each offense that the defendant conspired to commit. *See also*, ECF No. 180, ¶ 56.

Next, ordinary grouping rules are applied based upon the substantive counts of which the defendant is convicted and the various acts cited by the conspiracy count that would constitute behavior of a substantive nature. In this instance, the defendant is convicted of Count One, which has as its object the substantive violations charged in Count Two and Count Three. Under § 1B1.2(d), the Count One conspiracy to violate Count Two groups with Count Two (Group One), and the Count One conspiracy to violate Count Three groups with Count Three (Group Two). Counts Two and Three do not group with each other, because they involve separate victims, and neither count embodies conduct that is treated as a specific offense characteristic for the other count. *See* U.S.S.G. § 3D1.2(a)-(c). Count One will cross reference to the substantive obstruction

counts, per U.S.S.G. § 2C1.1(c)(1), giving an offense level of 23 for its application in Group Two.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar No. 481052

        BY:

        /s/
        KIMBERLY L. PASCHALL
        Assistant United States Attorney
        D.C. Bar No. 1015665
        601 D St, N.W.,
        Washington, D.C. 20001
        202-252-2650
        Kimberly.paschall@usdoj.gov