```
                         UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF COLUMBIA

    * * * * * * * * * * * * * * *   )
    UNITED STATES OF AMERICA,        )     Criminal Action
                                     )       No. 21-00040
                Plaintiff,           )
                                     )
      vs.                            )
                                     )
    PATRICK EDWARD McCAUGHEY, III,   )     Washington, D.C.
    TRISTAN CHANDLER STEVENS and     )     September 13, 2022
    DAVID MEHAFFIE,                  )     3:04 p.m.
                                     )
                Defendants.          )
                                     )
    * * * * * * * * * * * * * * *   )


                              ORAL RULING
              BEFORE THE HONORABLE TREVOR N. McFADDEN,
                   UNITED STATES DISTRICT JUDGE



    APPEARANCES:

    FOR THE GOVERNMENT:       KIMBERLY L. PASCHALL, ESQ.
                              JOCELYN P. BOND, ESQ.
                              ASHLEY AKERS, ESQ.
                              UNITED STATES ATTORNEY'S OFFICE
                                FOR THE DISTRICT OF COLUMBIA
                              555 Fourth Street, Northwest
                              Eleventh Floor
                              Washington, D.C. 20530


    FOR THE DEFENDANT         LINDY R. URSO, ESQ.
         McCAUGHEY:           LAW OFFICES OF LINDY R. URSO
                              810 Bedford Street
                              Suite 3
                              Stamford, Connecticut 06901


    FOR THE DEFENDANT         LAUREN COBB, ESQ.
          STEVENS:            OFFICE OF THE FEDERAL DEFENDER
                              NORTHERN DISTRICT OF FLORIDA
                              3 West Garden Street
                              Suite 200
                              Pensacola, Florida 32502
```

1   aiding and abetting felony violations of Section 111(a) and
2   I find Mr. Stevens guilty on Counts 14, 16 and 33 of the
3   same offense.
4   　　　　　Turning now to Counts 21, 24 and 25:  These allege
5   that Defendants McCaughey and Stevens assaulted a law
6   enforcement officer with a deadly or dangerous weapon in
7   violation of 18 USC 111.  This offense shares the five
8   elements I just mentioned for a violation of 111(a)(1).  In
9   addition, to show a violation of 111(b), the Government must
10  show that the Defendants used a deadly or dangerous weapon.
11  　　　　　An object is a deadly or dangerous weapon if it is
12  capable of causing serious bodily injury or death to another
13  person and the Defendant used it in that manner.
14  　　　　　As defined in 18 USC 1365(h)(3), "serious bodily
15  injury" means bodily injury involving a substantial risk of
16  death, extreme physical pain, protracted and obvious
17  disfigurement or protracted loss or impairment of the
18  function of a bodily member, organ or mental faculty.
19  　　　　　In determining whether an object is a deadly or
20  dangerous weapon, I may consider both the physical
21  capabilities of the object used and the manner in which the
22  object was used.
23  　　　　　I first consider Count 24, which was Defendant
24  McCaughey's assault on Officer Daniel Hodges.  As to the
25  first element, I find that Mr. McCaughey did indeed assault,

1  resist, oppose, impede and interfere with Officer Hodges
2  when he pinned the officer against the door frame using a
3  stolen police shield.
4        Having carefully reviewed the videos and the
5  testimony of Mr. McCaughey, Officer Hodges and others, I
6  find that Mr. McCaughey used the force of his body and the
7  force of those other rioters behind him and working in
8  unison with them pushed against Officer Hodges.  He also did
9  so intentionally.
10        I note he did this while saying to Officer Hodges,
11  "Go home" and "Don't use that stick on me, boy."  His
12  actions to pin Officer Hodges against the door frame
13  rendered Officer Hodges defenseless from the attack of
14  another rioter who yanked off Officer Hodges's gas mask,
15  dislodged his helmet and struck him with his own police
16  baton.
17        While this was occurring, Mr. McCaughey told
18  Officer Hodges, "Let go of the stick;" in other words, the
19  baton Officer Hodges was trying to use to defend himself.
20        I specifically reject Mr. McCaughey's suggestion
21  that he was also saying this to the other rioter.  Officer
22  Hodges was also clearly engaged in the performance of his
23  duties and the Defendant also made physical contact with
24  him, satisfying the fourth and fifth elements of 111(a)(1).
25        I also find that in committing this assault,

1    Mr. McCaughey used a deadly or dangerous weapon.  Having
2    listened carefully to the testimony about police shields and
3    having reviewed one myself, I do not believe that a shield
4    is necessarily or inherently a dangerous weapon, but that it
5    is capable of causing bodily injury or death and the
6    Defendant used it in this manner.
7            To support this finding, I make the following
8    observations:  First, Sergeant Mastony, who I find to be
9    very credible, explained that CDU, or civil disturbance
10   unit, officers are taught to use shield strikes to push
11   people out of the way.
12           He also testified that he at one point on January
13   6th struck a rioter with the edge of a shield to stop the
14   rioter from assaulting another officer.  I think both of
15   these are examples of how a shield, which I'd normally
16   consider a piece of defensive equipment, can be used
17   offensively.
18           Second, I credit Officer Hodges's claim that
19   Mr. McCaughey's use of the shield caused him significant
20   pain, specifically in his lungs, his head and his face, that
21   it crushed him and its hard surface prevented him from
22   fighting against the assault and that he screamed out in
23   part in pain because of Mr. McCaughey's actions against him.
24           I also credit Officer Hodges's claim to have
25   suffered large bruises and pain all over his body, and I

1    believe those injuries were in part caused by
2    Mr. McCaughey's actions.
3            I recognize Officer Hodges previously stated that
4    he called out for help; and as I suggested at the outset, I
5    think Officer Hodges does harbor some understandable anger
6    and resentment at Mr. McCaughey and other rioters which
7    could theoretically influence his testimony.
8            Notwithstanding all this, I did believe him as to
9    these above points, having considered his demeanor on the
10   stand and all of the surrounding evidence. And I think the
11   video evidence broadly corroborates his claims.
12           Officer Hodges credibly testified to feeling
13   rather embarrassed by the whole episode, which probably
14   explains why he claimed he yelled out for help, rather than
15   admitting in his earlier interview that he was actually in
16   significant pain.
17           Third, I reject the arguments made on
18   Mr. McCaughey's behalf to the contrary. While it is true
19   that another rioter was pushing against Mr. McCaughey's
20   back, I don't think this meant he couldn't control what he
21   was doing or that he had no place to move. Rather, I think
22   he was working in unison with those behind him to push the
23   police officers, and Officer Hodges specifically.
24           Similarly, I don't think the fact that
25   Mr. McCaughey's arms were flush against his chest meant that

1    he wasn't pushing.  Rather, I agree with the Government that
2    he was using his full body weight, along with the force and
3    the weight of the people behind him, to lean into the
4    shield, crushing Officer Hodges against the door frame.
5            I also completely reject the suggestion that
6    Exhibit 801, which is the shield, is somehow not
7    substantially similar to the shields used in the tunnel on
8    January 6th.
9            I credit the testimony of Captain Ortega on this
10   point, and I'll note that I was able to bend the edges of
11   this shield just as you can see the edges being bent in the
12   videos.  I also think the weight of this shield is
13   substantially similar to the weight of the shield
14   Mr. McCaughey used.
15           McCaughey's most compelling argument is that his
16   actions to get assistance for Officer Hodges show that he
17   did not intend to harm him just beforehand.  Having
18   carefully reviewed the video and considered the witnesses'
19   testimony, I ultimately agree with the Government that this
20   moment of humanity stands in contrast with Mr. McCaughey's
21   actions moments before rather than explaining them.  I think
22   Officer Hodges's gut-wrenching cries of pain shocked
23   Mr. McCaughey into merciful action.  But I also think
24   Mr. McCaughey's statements and conduct during the assault
25   speak for themselves and can't be undone by his subsequent

1    kindness.

2           Finally, I reject the argument that only the blade
3    end of the shield can cause serious bodily injury.  I'm
4    reminded of the fate of Giles Corey, immortalized in Arthur
5    Miller's play *The Crucible*.  Mr. Corey, accused of
6    witchcraft, was sentenced to death by *peine forte et dure*;
7    in other words, being pressed to death.  He was bound on the
8    ground; a flat board not dissimilar to a shield was placed
9    on his chest; and weights were placed on the board until he
10   was crushed to death.

11           With sufficient weight, a flat surface like a
12   shield can certainly cause serious bodily injury or death,
13   especially when the victim is wedged between it and a hard
14   narrow surface like a door frame.

15           And, of course, in this case, this was not just
16   the weight of one individual on the shield, but the weight
17   of many, the various rioters working in unison with the
18   Defendant to crush Officer Hodges.

19           I now consider Count 25, charging Mr. McCaughey
20   with assaulting Officer Foulds.  This incident occurred
21   shortly after Mr. McCaughey assaulted Officer Hodges when
22   Officer Foulds tried to close the double doors separating
23   the rioters from the officers.

24           The first element is whether the Defendant
25   assaulted, resisted, opposed, impeded, intimidated or